(No. 16750.—Reversed and remanded.)
Antonio DeStefano, Defendant in Error, vs. The Associated Fruit Company, Plaintiff in Error.

*Opinion filed October 28, 1925.*

1. Contracts—*trade in a particular market is presumed to be according to custom or usage.*  Where a person deals in a particular market he must be taken to deal according to the known general or uniform customs or usages of that market, and, where no particular stipulations are made to the contrary, contracts made in the ordinary course of business are presumed to be made with reference to any existing usage or custom relating to such trade, and it is always competent to resort to such usage or custom to ascertain and fix the terms of the contract.

2. Same—*instruction directing verdict must contain all essential facts.*  Where an instruction directs a verdict for either party, or amounts to such direction in case the jury shall find certain facts, it must necessarily contain all the facts which will authorize the verdict directed, and where the action is based on a rescission of contract, instructions directing a finding for the plaintiff must contain facts to show such rescission.

Writ of Error to the Third Division of the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. Joseph Sabath, Judge, presiding.

Emil C. Wetten, Charles H. Pegler, and Paul N. Dale, (Orville R. Seiter, of counsel,) for plaintiff in error.

George E. Dawson, and Mitchell Dawson, for defendant in error.

Mr. Justice Heard delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the First District affirming a judgment of the superior court of Cook county for $1600 in a suit of as-

sumpsit brought by defendant in error (hereinafter called plaintiff) against plaintiff in error (hereinafter called defendant) to recover the difference between the amount paid by plaintiff to defendant for a car-load of grapes and the amount for which the grapes were sold by plaintiff after an alleged rescission of the contract of sale.

The undisputed evidence in the record shows that defendant is a general distributor of fruit and vegetables on South Water street, Chicago, buying cars of grapes and other fruit in transit and re-selling the same in transit to buyers in the same line of business; that on October 18, 1920, plaintiff bought from defendant a car of grapes which were *en route* between Petaluma, California, and Chicago, Illinois, and made a deposit of $1000 thereon; that at the time of such purchase plaintiff received from defendant a sales memorandum showing the terms of sale, as follows:

"Sold to Tony DeStefano * * * car #5853 RD. * * * Shipping point—Calif. * * * 10/8/20. * * * Ventilation instructions given.

910 lugs Zinfandels, 26123# at $165 ton f.o.b. shipping
point . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$2155.15
                                                      Deposit.    1000.00
"Terms: Cash.  Acceptance in transit."                         $1155.15

—that upon the same afternoon plaintiff paid defendant the balance of $1155.15; that there was a general custom in the grape trade at Chicago that in a sale of grapes in transit, where the terms were "f.o.b. shipping point.—Terms, cash; acceptance in transit," the purchaser of the grapes, in the absence of fraud, takes the grapes as they were at the time of the sale, regardless of their then condition or their condition upon arrival at destination and regardless of the time of their arrival or the date of the shipment; that the buyer has no recourse or claim whatever against the seller by reason of the condition of the grapes on their arrival but that the buyer assumes all risks in transit and that there is no privilege of inspection allowed; that plaintiff was in the

grape business; that he knew these terms were in the sales memorandum and knew the meaning of the terms and had always purchased his grapes upon those terms, and that the terms were used by grapemen every day; that at the time plaintiff purchased the grapes he knew they were in transit and that the time required for shipments from California to Chicago varied several days; that on October 20, 1920, plaintiff knew that the grapes had not been shipped on October 8, 1920, but that the date of shipment was October 12, 1920; that thereafter he called daily at defendant's place of business to inquire about the arrival of the grapes; that upon ascertaining that the grapes had not been shipped on October 8 he made no attempt to rescind the contract of sale until after the arrival of the grapes and their inspection by him on October 26, 1920. By the terms of the contract neither the time of shipment nor the time of the arrival was made of the essence of the contract.

At the request of the plaintiff the court gave to the jury the following instruction:

"If from the evidence you believe that the plaintiff bought by description a car of grapes from the defendant and that the defendant was a dealer in goods of that description, then you are instructed that the law implies a warranty upon the part of the defendant that the grapes were of merchantable quality at the time of such sale; and if from the evidence you further believe that said grapes were not of merchantable quality at the time of such sale, you will find for the plaintiff."

By paragraph 2 of section 15 of the Uniform Sales act of this State it is provided: "That where the goods are bought by description from a seller who deals in goods of that description (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be of merchantable quality." By section 71 of the same act it is provided: "Where any right, duty or liability would arise under contract to sell or a sale by implication of law,

it may be negatived or varied by express agreement or by the course of dealing between the parties, or by custom, if the custom be such as to bind both parties to the contract or the sale."

Where a person deals in a particular market he must be taken to deal according to the known general or uniform customs or usages of that market. (*Eau Claire Canning Co.* v. *Western Brokerage Co.* 213 Ill. 561.) Where no particular stipulations are made to the contrary, contracts made in the ordinary course of business are presumed to be made with reference to any existing usage or custom relating to such trade, and it is always competent to resort to such usage or custom to ascertain and fix the terms of the contract. (*El Reno Grocery Co.* v. *Stocking,* 293 Ill. 494.) Where an instruction directs a verdict for either party, or amounts to such direction in case the jury shall find certain facts, it must necessarily contain all the facts which will authorize the verdict directed. (*Pardridge* v. *Cutler,* 168 Ill. 504.) The instruction in question directed a verdict and entirely ignored the undisputed evidence of the general custom in the grape trade that where a car of grapes is sold in transit under the terms contained in the sales memorandum, as in the present case, the buyer takes the grapes in the condition in which they are at the time of the purchase and there is no implied warranty that they will be in a merchantable condition upon their arrival. This suit is based upon a rescission of the contract. The instruction directs a verdict for the plaintiff without requiring proof of the rescission of the contract, which was a disputed question in the case.

At the request of the plaintiff the court gave to the jury the following instruction:

"If from the evidence you believe that the defendant, or its agent acting within the scope of his apparent authority, offered to sell to the plaintiff a certain car-load of grapes and made a representation to the plaintiff in writing that

said car-load of grapes had been shipped on a particular date, and if from the evidence you further believe that said writing embodied the terms and conditions upon which the defendant intended to sell said grapes, and if from the evidence you further believe that the natural tendency of such representation was to induce the plaintiff to purchase said car-load of grapes relying thereon, and if from the evidence you further believe that the fact or facts stated in such representation were untrue then you will find for the plaintiff."

This instruction likewise directed a verdict and failed to require proof of a rescission of the contract. It is likewise subject to all the objections of the former instruction, and in addition thereto in its written notice of rescission plaintiff did not embody this alleged warranty as a reason for rescinding the contract. The instruction likewise ignores the alleged waiver of plaintiff of the mis-statement as to the date of shipment, and should not have been given for the further reason that plaintiff's evidence shows that the date of the shipment of the grapes, whether on October 8 or October 12, could have no effect upon their condition at the time of their arrival in Chicago. There was no claim that this purchase was made for the purpose of filling a specific contract, or that plaintiff sustained any damage whatever by reason of their shipment on October 12 instead of on October 8. The instructions in question entirely ignored defendant's defense and were prejudicial to it, and therefore reversible error.

The judgments of the Appellate Court and the superior court are reversed and the cause remanded to the superior court of Cook county.     *Reversed and remanded.*