Fifteenth Avenue Christian Church, Plaintiff-Appellant, *v.* Moline Heating and Construction Co., Defendant-Appellee.

(No. 70-39;

Third District—December 17, 1970.

*Rehearing denied January 12, 1971.*

Sidney Deutsch, of Rock Island, for appellant.

Virgil Bozeman, of Moline, for appellee.

Mr. PRESIDING JUSTICE RYAN delivered the opinion of the court:

In this case plaintiff seeks to recover damages from the defendant for an alleged breach of contract. Plaintiff claims that the defendant was obligated to install a "one hour fire resistive" ceiling in the boiler room of the church by virtue of the provisions of the Uniform Building Code of the City of Rock Island and that the defendant failed to do so. The case was tried before the court without a jury. The court found in favor of the defendant and this appeal follows.

Plaintiff, the Fifteenth Avenue Christian Church, decided to replace the existing furnace in its church building with a new one. It engaged a firm of professional engineering consultants which prepared specifications, blueprints and contract documents. The defendant bid on the work pursuant to the specifications and was awarded the contract. The specifications made no reference to the walls or ceiling of the boiler room. After the work was completed the same was accepted by the church and final payment was made to the defendant. Some months later the Rock Island city fire marshal called the attention of the church to the fact that the ceiling in the boiler room did not meet the requirements of the building code that the same be one hour fire resistive. In March, 1969, about a year after the completion of the work and the final payment, defendant received a letter from an attorney representing the church demanding that the fire resistive ceiling be installed. The defendant has refused to install the same and the church filed this suit.

As previously stated, the specifications submitted to the defendant for the preparation of its bid made no reference to a fire resistive ceiling or walls. However, the contract prepared by the agent of the church and executed by the defendant after the acceptance of its bid provided that the specifications consisting of the general conditions and technical provisions comprised part of the contract. The general conditions provided:

"The contractor shall give all notices and comply with all laws, ordinances, rules and regulations bearing on the conduct of the work as drawn and specified. If the Contractor observes that the drawings and specifications are at variance therewith, he shall promptly notify the Engineer in writing and any necessary changes shall be adjusted as

provided in the contract for changes in the work. If the Contractor performs any work knowing it to be contrary to such laws, ordinances, rules and regulations, and without such notice to the Engineer he shall bear all costs arising therefrom.

The technical provisions provided:

"A. This contractor shall comply with the State, County, City and Township Codes, Board of Fire Underwriter's and all other rules and regulations having jurisdiction over this installation.

"B. If there is a discrepancy between the codes and regulations having jurisdiction over the installation and these specifications, the Codes and regulations shall determine the methods or equipment used.

"C. If the drawings and these specifications do not comply with all Codes, the Contractor shall submit with his proposal the extra price required to make the system shown on the drawings comply with the Code."

The Uniform Building Code of the City of Rock Island provided:

"Every room containing a boiler or central heating plant which burns gas as fuel shall be separated from the rest of the building by not less than one hour fire resistive occupancy separation . . ."

Plaintiff contends that although the fire resistive ceiling was not specifically mentioned in the specifications or the contract, the provisions of the Uniform Building Code constituted a part of the contract and the defendant's failure to comply therewith constituted a breach of contract.

At the trial the defendant, over the objection of the plaintiff, introduced evidence by a consulting engineer and an architect to show certain customs and usages of the building trades in the Rock Island area. The evidence was to the effect that the provisions in the specifications requiring that the contractor shall comply with all laws, ordinances, etc. was a standard provision and refers to the work specifically included in the contract. If the plans and sepecifications prepared by the engineers did not specifically provide for the installation of a particular type of walls or ceiling in the boiler room, it would not be within the realm of the work to be done by a heat contractor to install the same. The laws and ordinances referred to in the standard provisions related to the laws and ordinances governing the type of work to be done—in this case the heating and piping regulations as opposed to regulations pertaining to general construction. The installation of walls and ceiling in a boiler room falls within the category of work done by the general construction trades and not the plumbing and heating trades.

The court in holding for the defendant found that the contract, drawing, general conditions and technical specifications made no reference to installation of a fire resistant ceiling. The provisions requiring compliance

with laws and ordinances refer to laws and ordinances relating to the heating system. The heating system does not include the construction of walls and ceiling. The court followed these specific findings of fact with the decision for the defendant.

■■ The testimony concerning customs and usages was properly admitted into evidence not to vary the terms of the written contract nor to contradict the same but to explain or aid in the interpretation thereof. *Hufford v. National Retailer-Owned Grocers, Inc.,* 16 Ill.App.2d 1, 147 N.E.2d 437; 25 C.J.S. Customs and Usages, Section 21.

■■ Where not stipulation to the contrary is included in the contract, the customs and usages of the trade are presumed to form a part of the contract, provided the same are known to the parties or provided the parties are chargeable with knowledge thereof. (25 C.J.S. Custom and Usages, Section 21.) In the absence of a stipulation to the contrary persons engaged in the same trade of business are presumed to have contracted with reference to the particular customs and usages of the trade and it is proper to resort to such custom and usages to interpret the contract. *Sterling-Midland Coal Co. v. Great Lakes Coal & Coke Co.,* 334 Ill. 281, 165 N.E. 793; *De Stefano v. Associated Fruit Co.,* 318 Ill., 345, 149 N.E. 284; *Katz v. Brooks,* 65 Ill.App.2d 155, 212 N.E.2d 508.

■■ The engineers who represented the plaintiff in the preparation of the specifications and contract documents were professionals in their field and must be presumed to have known the custom and usages of the trade. This knowledge was imputed to their principal, the church, and the contract entered into between the plaintiff church and the defendant is presumed to have incorporated these customs and usages. The trial court stated that the evidence concerning the custom and usages was admitted to determine whether the failure of the defendant to install a fire resistive ceiling was within the scope of the contract. After hearing such testimony the court found that the provisions in the specifications with respect to compliance with laws and ordinances concerned laws and ordinances relating to the heating system which did not include the construction of walls and ceilings. We hold that it was proper for the trial court to admit evidence of customs and usages and that the findings of the trial court were not against the manifest weight of the evidence.

Judgment affirmed.

ALLOY and STOUDER, JJ., concur.