# Morgan, Appellant, v. United Gas Improvement Company.

*Negligence—Gas company—Escape of gas—Evidence—Nonsuit.*

In an action against a gas company to recover damages for personal injuries alleged to have been sustained from inhaling gas which had escaped from defendants' pipes into the plaintiff's cellar, it appeared that plaintiff's house was in a row of small houses, only one of which, the fourth from the plaintiff's, was connected with defendants' gas pipe. It appeared that two weeks prior to the accident, an odor of gas was observed in the house which was connected with the main. The defendant was notified of this, and its inspector examined the gas fixtures, and discovered no defects in them. The service pipes leading from the street to this house were under the control of its owner. A few hours before the accident the employees of defendant were digging in the street in front of plaintiff's house, and while doing so, threw out with their shovels two pieces of broken gas pipe that were "rotted on one side." It was not shown that these pieces were parts of defendants' pipe, nor that in size and appearance they bore any resemblance to it. No odor of gas had been observed by anyone on the street. *Held,* that a nonsuit was properly entered.

Corporations manufacturing and distributing gas are held to a high

degree of care in the maintenance of their pipes and are required to exercise every reasonable precaution suggested by known dangers.  Where the existence of a leak is known, means should be taken at once to avoid injury, and where it should have been known that a leak was likely to occur because of the defective condition of the pipe, negligence may be imputed; but it is not reasonable to require companies to uncover their pipes without reference to the existence or nonexistence of leaks.

Argued Jan. 8, 1906.    Appeal, No. 90, Jan. T., 1905, by plaintiff, from order of C. P. No. 1, Phila. Co., March T., 1902, No. 633, refusing to take off nonsuit in case of Mary Morgan v. United Gas Improvement Company.    Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.    Affirmed.

Trespass to recover damages for personal injuries.    Before BEITLER, J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*Webster Dougherty*, with him *John C. Grady*, for appellant. —The case was for the jury : Kibele v. Philadelphia, 105 Pa. 41 ; Koelsch v. Philadelphia Company, 152 Pa. 355 ; Heh v. Consolidated Gas Co., 201 Pa. 443 ; Hartman v. Citizens Nat. Gas Co., 210 Pa. 19.

*R. Stuart Smith*, with him *Charles E. Morgan*, for appellee, cited : Railway Co. v. Henrice, 92 Pa. 431 ; Strawbridge v. Philadelphia, 2 Pennypacker, 419 ; Kepner v. Harrisburg Traction Co., 183 Pa. 24 ; Fox v. Philadelphia, 208 Pa. 127 ; Alexander v. Nanticoke Light Co., 209 Pa. 571 ; Aument v. Penna. Telephone Co., 28 Pa. Superior Ct. 610.

OPINION BY MR. JUSTICE FELL, February 26, 1906 :

The plaintiff was injured by inhaling gas that escaped from the defendant's pipe and found its way through the soil to the cellar of the house she occupied.    This house, No. 2421 Pine street, was in a row of small houses only one of which, No. 2413, was connected with the gas pipe.    The negligence alleged was that the defendant allowed the gas to escape from its pipe in

the street, and failed to make necessary repairs after notice that gas was escaping. There was no direct proof of a defect in the pipe nor any proof of notice that gas was escaping from it. The only proofs at the trial were that employees of the defendant, who were digging in the street in front of the plaintiff's house a few hours after the accident, threw out with their shovels two pieces of broken gas pipe that were " rotted on one side ; " that two weeks before the accident an odor of gas was observed in the house No. 2413, of which the defendant was notified, and that its inspector who was sent to the house examined the gas fixtures and discovered no defects in them.

Corporations manufacturing and distributing gas are held to a high degree of care in the maintenance of their pipes and are required to exercise every reasonable precaution suggested by known dangers. Where the existence of a leak is known, means should be taken at once to avoid injury, and where it should have been known that a leak was likely to occur because of the defective condition of the pipe, negligence may be imputed ; but it is not reasonable to require companies to uncover their pipes without reference to the existence or non-existence of leaks : Koelsch v. Philadelphia Co., 152 Pa. 355. Such companies cannot be held liable without proof of negligence.

There was in this case no sufficient proof that the pipe in the street was defective. No one who saw it was called to testify as to its condition. It was not shown that the pieces of broken pipe thrown out by the workmen who were digging a trench in the street were parts of the defendant's pipe, nor that in size and appearance they bore any resemblance to it.

On the question of notice the testimony was not more satisfactory. No odor of gas had been observed by anyone on the street. The defendant had been informed two weeks before that there was an odor of gas in No. 2413 and at once caused an inspection to be made. No further complaints were made by the occupants of that house and there was no indication of an escape of gas in the street. The service pipes leading from the street to the house were under the control of the owner of the house. The presence of gas in the house No. 2413 two weeks before was not an indication that anything was wrong with the pipe in the street, which was the

only pipe for the condition of which the defendant was responsible. This fact alone did not impose on the defendant the duty to dig up the street to ascertain whether the line of pipe was in good condition.

The judgment is affirmed.