| 210 | 141 |
| 215 | 401 |
| 210 | 141 |
| f 33 SC | 25 |

# Olive Stove Works *v.* Fort Pitt Gas Company, Appellant.

*Negligence—Natural gas—Explosion—Question for jury.*

In a case against a gas company to recover damages for destruction of a building and machinery by fire resulting from the explosion of natural gas, it appeared that when the fire in the building subsided, gas was seen burning along the basement wall three feet from the ground for a distance of twenty feet and in such quantities that the flames extended six feet in height. This gas came from the defendant's high-pressure line of pipes, which was under the surface of the public street and within six feet of the basement wall. Opposite the place where the gas was burning, the defendant had constructed a gate to control the flow of gas. The gate was inclosed in a box which was covered with a cast-iron lid. The gas escaped through a crack in the gate about a foot in length and was forced through the intervening ground under the cement pavement into the plaintiff's building. Whether the crack was old and the gate had been repaired by placing cement around it, or whether it was new and had been caused by the explosion, whether there was a sufficient number of holes in the lid of the box, whether the holes were open or plugged, and whether it was necessary to provide perforated lids to permit the escape of gas which might leak at the gate or escape at other places along the line and find its way into the box, were all disputed questions at the trial. *Held,* that the case was for the jury, and that a verdict and judgment for plaintiff should be sustained.

Argued Oct. 19, 1904. Appeal, No. 110, Oct. T., 1904, by defendant, from judgment of C. P. Beaver Co., June T., 1903, No. 255, on verdict for plaintiff in case of Olive Stove Works v. Fort Pitt Gas Company. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Trespass to recover damages for the destruction of a building and machinery by an explosion of natural gas. Before WILSON, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $37,796.93. Defendant appealed.

*Error assigned* amongst others was in submitting the case to the jury.

*William B. Rodgers,* with him *Weyand & Moorhead,* for appellant.

*W. H. S. Thompson*, with him *J. R. Martin* and *J. C. Martin*, for appellee.

OPINION BY MR. JUSTICE FELL, December 31, 1904:

The main question argued and the only one that need be considered is whether there was sufficient evidence of the defendant's negligence to warrant the submission of the case to the jury. The plaintiff's works were destroyed by an explosion of natural gas, which blew down a part of the walls and set fire to the buildings, machinery and stock. When the fire in the building subsided, gas was seen burning along the basement wall three feet from the ground for a distance of twenty feet and in such quantities that the flames extended six feet in height. This gas came from the defendant's high-pressure line of pipe which was under the surface of the public street and within six feet of the basement wall. Opposite the place where the gas was burning, the defendant had constructed a gate to control the flow of gas. The gate was inclosed in a box which was covered with a cast-iron lid. The gas escaped through a crack in the gate about a foot in length and was forced through the intervening ground under the cement pavement into the plaintiff's building. Whether the crack was old and the gate had been repaired by placing cement around it, or whether it was new and had been caused by the explosion, whether there was a sufficient number of holes in the lid of the box, whether the holes were open or plugged, and whether it was necessary to provide perforated lids to permit the escape of gas which might leak at the gate or escape at other places along the line and find its way into the box, were all disputed questions at the trial. They were all however questions of fact, which the court could not decide without assuming the functions of the jury. The objections to the parts of the charge which allowed a recovery for rental value in addition to the value of the property destroyed and an allowance equivalent to interest thereon, are all eliminated by the verdict, since it appears from the record that it included only the loss of buildings and personal property.

The judgment is affirmed.