215      399
f 33 SC ¹ 25

---

# Shirey *v.* Consumers' Gas Company, Appellant.

*Negligence—Gas company—Explosion—Province of court and jury.*

In an action against a gas company to recover damages for injuries caused by the explosion of gas it was admitted that defendant's gas main broke, that gas escaped therefrom, and found its way into the plaintiff's house where it exploded. A policeman testified that he had smelled gas in the street in the vicinity a night or two before the explosion. Three witnesses testified that the fractured edges of the gas pipe when examined after the explosion showed in part indications of an old fracture. There was a dispute as to the cause of the break of the gas main. *Held,* that the case was for the jury and that a verdict and judgment for plaintiff should be sustained.

A company dealing with a substance so dangerous as gas must be held to a high degree of care, and the exercise of every reasonable precaution in guarding against accidental injury.

Argued Feb. 26, 1906. Appeal, No. 77, Jan. T. 1905, by defendant, from judgment of C. P. Berks Co., Jan. T., 1902, No. 18, on verdict for plaintiff in case of Milton L. Shirey v.

The Consumers' Gas Company.   Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and POTTER, JJ.   Affirmed.

Trespass to recover damages for injuries caused by the explosion of gas.   Before ENDLICH, J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $2,296.80.   Defendant appealed.

*Error assigned* amongst others was in refusing to enter judgment for defendant non obstante veredicto.

*Richmond L. Jones,* for appellant.—A high duty is imposed upon the gas company, but that duty must be defined by the court and not by the jury, and it has never been held that it is the duty of a gas company to maintain a line of sentinels covering sixty-four miles of mains : McKenna v. Gas Co., 193 Pa. 633 ; Custer v. B. & O. R. R. Co., 206 Pa. 529 ; Scanlon v. Rapid Transit Co., 208 Pa. 195.

*Cyrus G. Derr,* with him *Harvey F. Heinly,* for appellee, cited : Heh v. Consolidated Gas Co., 201 Pa. 443 ; Devlin v. Beacon Light Co., 198 Pa. 583.

OPINION BY MR. JUSTICE POTTER, May 24, 1906 :

The appellant here complains of the refusal of the court below to enter judgment for the defendant, non obstante veredicto on the points reserved, and of the refusal to give binding instructions to the jury in favor of the defendant.   We think that there was a substantial question of disputed fact in this case which the court could not properly have taken from the jury.   It is admitted that defendant's gas main broke, that gas escaped therefrom, and found its way into the house of the plaintiff, where it exploded and caused damage.   There was some evidence on the part of the plaintiff, given by a policeman, that he had smelled gas in the street in the vicinity a few nights previously, or at least a night or two before the explosion.   There was also testimony on the part of three witnesses that the fractured edges of the gas pipe, when examined after the explosion, showed in part indications of an old fracture.   There

was also a dispute as to the cause of the break in the gas main. The defendant maintained that it was due to the undermining of the supporting earth beneath it by a jet of water issuing from a leak in the water service pipe. The plaintiff on the other hand denied the existence of this leak in the water pipe prior to the explosion of the gas, and contended that the leak in the water pipe was the result of the explosion; and the jury seems to have agreed with the contention of the plaintiff in this respect. But no matter how the break occurred, as the learned trial judge well said, the gas company " could not suffer the escape of gas to go on and imperil the plaintiff's and other neighboring properties," and he very properly held that the question of the liability of the defendant, without regard to the cause of the original break in the pipe, must depend upon whether it exercised due care in the maintenance and inspection of its pipe lines. As has been repeatedly pointed out, a company dealing with a substance so dangerous as gas must be held to a high degree of care, and the exercise of every reasonable precaution in guarding against accidental injury. Our review of the evidence as it is presented to us by this record leads us to coincide with the conclusion reached by the trial judge, that the case could not " consistently with established principles, have been taken from the jury on the grounds contended for by defendant." It is peculiarly appropriate that evidence, of the character involved in this and similar cases, should be submitted to the determination of the jury. See Hartman v. Citizens' Natural Gas Co., 210 Pa. 19 ; Olive Stove Works v. Gas Co., 210 Pa. 141.

The assignments of error are overruled, and the judgment is affirmed.