# Windish, Appellant, v. Peoples Natural Gas Company.

*Negligence—Gas companies—Explosion in dwelling house—Defective service line—Effect of knowledge of defect—Directed verdict for defendant.*

1. In an action against a gas company to recover damages for injuries to plaintiffs' dwelling house resulting from the explosion of natural gas therein, where the alleged negligence consisted in permitting gas to escape from pipes in the street, in permitting the service line to corrode whereby gas escaped in the cellar, and in failing to maintain the meter and regulator in proper repair in plaintiffs' house, the court did not err in directing a verdict for the defendant where there was no evidence showing that the meter and regulator were defective, or that they or the pipes in the street had anything to do with the escape of gas; it being neither alleged nor proven that plaintiffs were under any obligation to inspect the service line and connections from the curb to the house, or that it had any knowledge that this service line was rusted or corroded to such an extent as to permit gas to escape, and the contract between the consumer and the gas company providing that

service pipes and connections from the curb should be maintained by the consumer.

2. In such case had the defendant company known that the service line was rusted and corroded to such an extent as to permit gas to escape it would have been its duty either to have caused the service line to be repaired by the person whose duty it was to do so, or to have shut off the gas at the street; otherwise it would have been liable in damages for injuries resulting from such defect.

*Pleading—Averments of statement—Allegata and probata.*

3. It is the duty of the pleader to aver the negligence upon which he relies to sustain a recovery, and when the case is tried the burden is on the plaintiff to prove the negligence so charged.

Argued Oct. 26, 1914. Appeal, No. 176, Oct. T., 1914, by plaintiffs, from judgment of C. P. Allegheny Co., Fourth T., 1910, No. 103, on directed verdict for defendant, in case of Joseph Windish and Mary Windish v. Peoples Natural Gas Company. Before BROWN, C. J., POTTER, ELKIN, MOSCHZISKER and FRAZER, JJ. Affirmed.

Trespass to recover damages for injuries resulting from an explosion of natural gas in plaintiffs' dwelling. Before REID, J.

The opinion of the Supreme Court states the facts.

Verdict for defendant by direction of the court and judgment thereon. Plaintiff appealed.

*Error assigned* was in directing a verdict for defendant.

*William E. Hague* and *Joseph F. Mayhugh,* with them *George Weil* and *James G. Nevin,* for appellant.

*William A. Stone,* of *Stone & Stone,* with him *Christy Payne,* for appellee.

OPINION BY MR. JUSTICE ELKIN, March 1, 1915:
This is an action of trespass to recover damages for in-

juries resulting from an explosion of natural gas in plaintiffs' dwelling house. In the statement of claim several acts of negligence are charged, which may be summarized as follows:

1. That the defendant company negligently and carelessly permitted the gas to escape from its lines in the public street, and to percolate through the stone wall and along the surface pipe into the cellar of the dwelling house in question, and there accumulate in such dangerous quantities as to cause the explosion.

2. That the service line was permitted to rust and corrode so as to permit gas to escape into the cellar and thus cause the explosion.

3. That the meter installed in the cellar had become worn, broken and dilapidated, and as a result sufficient gas escaped into the cellar to cause the explosion.

4. The same character of negligence is charged as to the regulator installed in the Borough of Rankin.

5. That the defective condition of the meter, service line, mains and gas regulator installed and maintained by the defendant company had permitted the gas to escape into the cellar and thus cause the explosion.

6. That the defendant company either knew or should have known of the defective condition of the meter, gas regulator, service line and main line in and along the public street through which the gas was supplied to the premises, and that it was its duty to make proper repairs in order to protect the consumer in the use of such a dangerous agency.

We have set out all of the acts of negligence charged in order that the case may be considered in its legal aspects within the limitations of the pleadings. A careful review of the testimony has convinced us, as it did the learned trial judge in the court below, that plaintiffs entirely failed to prove that the gas main in the public street was in a defective condition, or that any gas escaped from leaks in the main line into the premises in which the explosion occurred or that the meter or gas

regulator had become broken and dilapidated, or that defendant company had failed to make repairs, or that it had any notice of.defects in the service lines. The plaintiffs also failed to show that any duty rested upon the defendant company either to install or to maintain in proper condition the service line which connected the main line with the property occupied by plaintiffs. Indeed the contract between the owner and the gas company provides in express terms that the service pipes and connections from the curb to the house shall be maintained and kept in good repair by the applicant desiring to use the gas. No effort was made to show that any duty rested upon the defendant company to maintain and repair the service line from the curb to the dwelling. It is clear therefore that this charge of negligence was not sustained by the evidence. The same may be said as to the meter and gas regulator; the evidence did not show that these facilities were defective, nor is there even a suggestion in the testimony that the meter or the gas regulator had anything to do with the escape of gas into the cellar. Our conclusion is that the alleged defects in the gas main in the street, in the meter and in the regulator must be eliminated from consideration in determining the rights of the parties, because there is no testimony to sustain these charges of negligence. To make the defendant company answerable in damages for failure to repair or inspect the service line from the curb to the property of plaintiff, it was necessary to allege, first, a duty in these respects, and second, a violation of that duty. The duty to inspect was not charged and the duty to repair the service line from the curb to house was not sustained by the evidence; but on the contrary the contract between the parties placed the duty of repairing this service line upon the owner, or perhaps the occupier, of the premises. It certainly cannot be gainsaid that in an action to recover damages on the ground of negligence the burden is on plaintiffs to show that defendant had a duty to perform in the

first instance, and that by reason of failure to perform that duty the injuries resulted. In the present case it is also charged that the defendant company either knew or ought to have known of the defective condition of the meter, gas regulator, service line and mains, and it is argued with much force that if it had either actual or constructive notice of the alleged defective conditions it would be liable in damages if it failed to repair the defects, or if it furnished gas through known defective and dangerous facilities to a consumer. As to the first proposition, it has already been stated, there is no evidence to show any defects in the meter, or gas regulator, or mains, nor is there any testimony that it was the duty of the defendant company to repair the service line from the curb to the house; in these respects plaintiffs failed to make out a case for the jury. However, it does not follow, that the defendant company could absolve itself from the charge of negligence in continuing to furnish gas through this service line if known to be defective, even if it had no duty to maintain and repair that particular line. Had the defendant company known that the service line was rusted and corroded to such an extent as to permit gas to escape it would have been its duty either to have caused the service line to be repaired by the person whose duty it was to do so, or to have the gas shut off at the street in order to avoid the danger that might result. In the case at bar the evidence does not show that the defendant company or anyone else had knowledge of defects in the service line prior to the explosion, nor is it charged that gas was furnished through a defective service line after notice. We fully agree with the suggestion that the defendant company, even if the duty to repair the service line did not devolve upon it, could not continue to furnish gas through that service line if known to be defective without making itself liable in damages for injuries resulting therefrom. No such negligence was charged in the present case and there is no evidence to sustain it even if the statement

of claim contained such an averment.   Natural gas companies are very properly held to a high degree of care in the maintenance of pipes and other instrumentalities required in furnishing gas to consumers, and there is no disposition to relax the requirements of the rule applicable to those whose business it is to furnish such a dangerous agency; but it must not be overlooked that the right to recover damages in such cases depends upon first averring and then proving the negligence charged.   It is the duty of the pleader to aver the negligence upon which he relies to sustain a recovery, and when the case is tried the burden is on plaintiff to prove the negligence so charged.   In many of its aspects the present case is ruled by Soles v. People's Natural Gas Company, 48 Pa. Superior Ct. 84; Morgan v. United Gas Imp. Co., 214 Pa. 109.

Appellants place some reliance upon the fact that prior to the accident the attention of an employee of defendant company was called to an odor of gas in the cellar and that he had tested the interior pipes and meter for leaks but found none.   Mrs. Maloney, a witness called by plaintiffs, also testified that she had tested the interior pipes for leaks but was unable to find any escaping gas.   After these tests no further complaint was made to appellee and the evidence is conclusive that there were no defects in the meter or in the interior pipes.   The accuracy of these tests is not challenged, nor is there any evidence to show that they were not properly made, and hence nothing discovered thereby was sufficient to put appellee upon notice that the service line from the curb to the house was in a defective condition.   Again, the duty to inspect or to maintain that service line was not charged and it is apparent that no such negligence was relied on at the time of bringing the suit or it would have been set out in the statement of claim.   This seems to have been an after thought arising out of the exigencies of the case when the testimony introduced at the trial failed to sustain the acts of negli-

gence charged. Upon the facts disclosed by the record, and especially in view of the pleadings, this contention cannot be sustained.

We agree with the conclusion reached by the learned court below, and after a careful review of the entire record, our opinion is that nothing therein contained is sufficient to warrant a reversal here.

Judgment affirmed.