Margaret Clare, Appellee, v. The Bond County Gas Company, Appellant.

Opinion filed September 19, 1932.

C. E. Davidson and J. G. Burnsides, for appellant.

Meyer & Meyer, for appellee; Stanford S. Meyer, of counsel.

Mr. Justice Edwards delivered the opinion of the court.

On October 31, 1931, appellee, the owner of a Vanity Fair Shop in the City of Greenville, in which she sold gifts and ladies' apparel, applied to appellant, a corporation furnishing natural gas to the inhabitants of such city for heating and lighting purposes, for gas service in her place of business.

The building, in 1906, had been piped for gas by the then owner, at his own expense, and connection made with the mains of appellant in the street. The president of appellant loaned to appellee a gas stove for her use; advised her to get a plumber to make the necessary connections, and install a meter. This she did. There was, at once, an odor of gas, which she reported to appellant's president, who made visits to the store, and suggested various ways to overcome same. The methods were tried, but the gas odor persisted. After an inspection, a plumber employed by appellee informed the president that in his opinion the gas was escaping somewhere between the meter and the gas main in the street.

On December 1, 1931, a young man, temporarily in charge of the shop, while looking for a screw driver in a closet in one corner of the storeroom in which the meter was located,—the closet being somewhat dark,—lighted a match, and there was an instantaneous explosion which wrecked the building, and practically destroyed appellee's stock of goods and fixtures.

It is conceded that appellant owned none of the pipes in the building, and that after the accident, the pipes running from the meter down to the ground, to connect with the main in the street, were found to have

been rusted and corroded, and in at least one spot, near an elbow, to have been split open, which would permit of escaping gas.

There was a trial; appellee had a verdict for $850, upon which the court entered judgment, and from which this appeal is prosecuted.

The declaration consisted of four counts, the first and third of which averred that appellant had the custody and control of the pipes and connections, with a right of inspection over same; that it had the duty to use a high degree of care to prevent the escape of gas, and that it neglected its obligation in such behalf, by permitting the pipes to become rusted. The fourth count set out that the gas company, having control and custody of the pipes, with access to same, negligently failed to repair a leak in such pipes; while the second count charged the negligence consisted of so carelessly installing the meter, at its connections, that a leak was thereby occasioned; and that appellant had the management and control of same, with right of access thereto for the purpose of examination and repair.

Appellee, having alleged specific acts of negligence, could only recover upon proof of such, and not for any negligent conduct, shown by the evidence, which was not averred in the declaration. Her case must be tried upon the allegations which stated her grounds for action, and not upon some extraneous theory or outside matter. *Buckley v. Mandel Bros.*, 333 Ill. 368.

That appellee departed from this established rule is evidenced by her statement of position on page 17 of the argument, where she says: ''The facts in this case are so outspoken against appellant that we do not believe there is much need to argue to the court. They had notice of the escaping gas, and we contend that it was the duty, under all the circumstances in this case, even if the pipes had not belonged to them, and even if they had not assumed charge of and custody

of them, to shut off the gas until the pipes were repaired.''

That appellant would have been under such duty, if the same were properly pleaded, appears to be sustained by the current of authority, as held in *Southern Indiana Gas Co. v. Tyner,* 49 Ind. App. 475, 97 N. E. 580; *Windish v. People's Natural Gas Co.,* 248 Pa. 236, 93 Atl. 1003; *Schmeer v. Gas Light Co. of Syracuse,* 147 N. Y. 529, 42 N. E. 202; 12 Ruling Case Law, page 909, sec. 49. No such duty, or the breach of same, was set forth in the declaration, and hence was not a proper issue in the case.

Appellee, however, invoked this doctrine, and the court, at her instance, directed the jury, in appellee's given instruction number six, that although they found appellant was under no duty to repair or maintain the service pipes, yet if it knew, or by the exercise of ordinary care could have known, they were in an unsafe condition, it was under the obligation of causing them to be repaired by the person whose duty it was to do so, or to shut off the gas until same was done, and if it failed therein, such failure constituted negligence.

This was a departure from the specific negligent acts which were averred in the declaration, and injected into the case a variety of neglect which was not in issue. It directed the minds of the jury away from the case actually being tried, and permitted them to find appellant guilty of negligence not declared upon. The effect of the instruction was to charge relative to a failure to perform a duty not alleged in any count of the declaration, and no breach of which was pleaded.

Instructions in actions for negligence should be confined to the specific neglect averred in the declaration, and if they charge with reference to a failure to perform a duty, where the pleading does not set out such breach, the giving is error. *Wabash, St. L. & P. Ry. Co. v. Coble,* 113 Ill. 115; *Chicago & Alton R. Co. v. Rayburn,* 153 Ill. 290.

Given instruction number one, for the appellee, contained the same legal principle, in reference to the same acts, as constituting negligence. These instructions, for the reasons stated, should not have been given.

Appellee's fifth given instruction was as follows:

"The court instructs the jury that if you find from a preponderance of the evidence in this case that the defendant has not used the degree of care and diligence required, as explained in these instructions, and that the plaintiff, at and immediately before the explosion, was exercising due care and caution for her own safety, and the safety of her said property, and that plaintiff suffered damages as charged, then your verdict should be for the plaintiff."

This instruction directed the jury to return a verdict for appellee if they found certain facts. Being in its nature peremptory, it must necessarily require a finding of all the elements which authorize the verdict directed. *DeStefano v. Associated Fruit Co.,* 318 Ill. 345; *Pardridge v. Cutler,* 168 Ill. 504.

To warrant a recovery for appellee, it was essential that the injury be shown to have been proximately caused by the negligence of appellant. *Hartnett v. Boston Store,* 265 Ill. 331; *Chicago & Alton R. Co. v. Becker,* 76 Ill. 25. The instruction, it will be observed, did not require the jury to find such necessary fact. Being peremptory in character, and lacking one of the elements requisite to a finding for appellee, its giving was error, and prejudicially so, in as much as one of the controverted questions in the case was whether the explosion was caused by the negligence of appellant, or through the contributory carelessness of appellee, and by authorizing a recovery for appellee, without a finding that the injury was proximately caused by neglect of appellant, its effect was to deny the latter a substantial defense.

The parties were entitled to have the jury correctly charged as to the issues in the case. It was further their right that they should not be instructed in relation to extraneous matters or questions not proposed by the pleadings, and which were not before the court or jury for determination.

For the errors enumerated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*