Hershey, Appellant, v. Pittsburgh & West Virginia Railway Company, Appellant.

Argued October 3, 1950. Before DREW, C. J., STERN, STEARNE, JONES, LADNER and CHIDSEY, JJ.

*T. Robert Brennan,* with him *Ross W. Thompson* and *Brennan & Brennan,* for plaintiff.

*T. W. Pomeroy, Jr.,* with him *J. N. Poffinberger, Jr.,* and *Kirkpatrick, Pomeroy, Lockhart & Johnson,* for defendant.

OPINION BY MR. JUSTICE JONES, November 13, 1950:

The plaintiff sued in assumpsit to recover from the defendant the value of approximately twenty tons of peanuts which the plaintiff had stored in bags in the defendant company's warehouse in Pittsburgh. On March 21, 1946, while the bailment endured, there was a fire of considerable magnitude in the warehouse. Thereafter, the plaintiff made demand for delivery of

the peanuts, but the defendant failed to deliver them. Upon trial of the case, the jury returned a verdict for the plaintiff in an amount representing the full value of the peanuts and some interest. The defendant filed motions for a new trial and for judgment n.o.v. The court below in separate orders refused the motion for judgment but granted a new trial. Both parties have appealed, the plaintiff from the order granting a new trial and the defendant from the order refusing judgment n.o.v.

We shall consider first the motion for judgment. That the plaintiff made out a prima facie case in chief is not open to question. He proved delivery of the peanuts to the defendant, his demand for them and the defendant's failure to return them. In *Farnham v. The Camdem and Amboy Railroad Company,* 55 Pa. 53, 61, which was a suit for damages for the unreturned subject matter of a bailment for hire, this court observed that ". . . the plaintiff in the first instance . . . must have shown . . . that he delivered the goods to the defendants . . . [and] that their agent called for them and could not get them. There he might have rested to hear the reply . . . ." As was said in *Schell v. Miller North Broad Storage Company, Inc.,* 142 Pa. Superior Ct. 293, 296, 16 A. 2d 680, citing *Logan v. Mathews,* 6 Pa. 417, 418,—"When the bailee . . . fails to return [the goods] at all the law requires him 'to give an account of the matter' or assume responsibility for the loss." In order to cast upon the bailor the duty of proving that the loss of his goods was due to negligence of the bailee, it is incumbent on the latter to show by clear and satisfactory proof that the goods were lost and the manner in which they were lost: *Clark & Co. v. Spence,* 10 Watts 335, 337. On the other hand, "When the bailee has furnished such proofs satisfactory to the court and jury and if such proofs do not disclose lack of due care on his part, then the bailor, if he would

recover, must prove negligence on the part of the bailee and the bailee's negligence becomes the vital issue": *Schell v. Miller North Broad Storage Company, Inc.,* supra, at p. 301.

It is the defendant's contention that, upon its proving the destruction of the plaintiff's goods by fire and the water incident to fighting the fire, the burden of persuasion shifted to the plaintiff to establish that the loss was due to negligence of the defendant. That, of course, presupposes that the defendant's exculpatory evidence is credible and will, perforce, be so accepted by the jury. But, of course, no such assumption is permissible. The defendant's proofs in material regard being oral, binding instructions in its favor on the basis thereof could not be given: *Nanty-Glo Boro. v. American Surety Co.,* 309 Pa. 236, 238, 163 A. 523; *Satterwhite v. National Powder Company,* 362 Pa. 133, 139, 66 A. 2d 278; *MacDonald v. Pennsylvania Railroad Co.,* 348 Pa. 558, 562-563, 36 A. 2d 492.

The testimony for the respective parties on the issue whether the plaintiff's peanuts were destroyed by the fire and incidental water was conflicting. Opposed to the defendant's proofs, to which we have already referred, the plaintiff offered testimony that his peanuts, or a considerable portion of them, were seen in the warehouse after the fire, unharmed. If the jury chose to believe, as their verdict implies they did, that the plaintiff's peanuts were unaffected by the fire, then, obviously, the defendant did not account satisfactorily to the jury for its failure to turn them over to the plaintiff when demanded. Judgment for the defendant n.o.v. was therefore properly refused.

In disposing of the motion for a new trial, the learned court below said,—"The evidence has been carefully considered. The jury's conclusion that the plaintiff's peanuts were unaffected by the fire—were still fit for food—was arbitrary and against the weight of

the evidence. For this reason, and others which need not be discussed, a new trial is essential to a just determination of the case." In *Marko v. Mendelowski,* 313 Pa. 46, 47, 169 A. 99, it was said that "we will not reverse an order awarding a new trial unless a palpable abuse of discretion on the part of the trial judge is disclosed or unless an erroneous rule of law, which in the circumstances necessarily controls the outcome of the case, is certified by the trial judge as the sole reason for his action." This language has since been quoted with approval by this court a number of times: see *Girard Trust Company v. George V. Cresson Company,* 333 Pa. 418, 422, 5 A. 2d 221; *Tupponce v. Pennsylvania Railroad Company,* 358 Pa. 589, 590, 57 A. 2d 898; and *Held v. Van Tiggelen,* 364 Pa. 317, 318-319, 72 A. 2d 73. "One of the least assailable grounds for the exercise of such power [i.e., granting a new trial] is the trial court's conclusion that the verdict was against the weight of the evidence and that the interests of justice therefore require that a new trial be awarded; especially in such a case is an appellate court reluctant to interfere [citing cases]": *Frank v. W. S. Losier & Co., Inc.,* 361 Pa. 272, 276-277, 64 A. 2d 829.

The plaintiff's contention that the trial court abused its discretion in granting a new trial is based on an erroneous assumption that, by so doing, the court in effect violated the jury's province of resolving the issues of fact. That idea is, of course, in conflict with the host of cases to the effect that it is the duty of a trial court to pass upon the weight of the evidence and to grant or withhold a new trial accordingly. Necessarily, a jury's verdict will eventually determine the facts. In the instant case there was quite a bit of evidence, offered by the defendant, that many, if not all, of the plaintiff's bags of peanuts were destroyed in the fire or soaked with water during the fighting of the fire and thereby became unfit for food whereupon they

were condemned by local health authorities. There was also evidence that peanuts other than the plaintiff's were stored in the building at the time of the fire so that whether the peanuts observed by the plaintiff's witness after the fire were actually the plaintiff's depended upon the credibility of that testimony. True enough, the case for the plaintiff is sufficient to justify the verdict if his evidence is believed and the defendant's discarded. It is also true that the special finding of the jury that none of the plaintiff's peanuts were in the building at the time the health authorities condemned the remaining peanuts is consistent with the verdict. But, the fact remains that the trial judge felt that the defendant's evidence was entitled to more consideration than what the jury had apparently given it.

The words of Mr. Justice SHARSWOOD in *Reel v. Elder,* 62 Pa. 308, 316, are particularly apposite to both of the instant appeals, where he said that, "However clear and indisputable may be the proof when it depends upon oral testimony, it is nevertheless the province of the jury to decide, under instructions from the court, as to the law applicable to the facts, and subject to the salutary power of the court to award a new trial if they should deem the verdict contrary to the weight of the evidence." Entry of judgment n.o.v. would have been improper and the granting of a new trial was in the exercise of a sound discretion of the learned court below.

Orders affirmed; costs to abide the judgment.