## Barton *v.* Pittsburgh Railways Company, Appellant.

Argued April 12, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Con F. McGregor*, for appellant.

*P. J. McArdle*, for appellee.

OPINION BY WOODSIDE, J., July 25, 1957:

This is an appeal from a judgment entered upon a jury verdict of $3000 in favor of the plaintiff, Mary L. Barton, and against the Pittsburgh Railways Company. The plaintiff brought the action to recover damages arising out of personal injuries suffered while she was descending from one of the defendant's street cars.

The defendant claims that the lower court erred in refusing its motions for judgment non obstante veredicto and for a new trial.

The plaintiff was a paying passenger on the street car of the defendant, a common carrier. She testified that as the car approached the place where she intended

to leave it, she got up from her seat, walked to the center door, and took hold of the center pole. She was first in line to get off. As the car stopped and the door opened, she stepped on to the first step, and as she was about to come down upon the second step, there was a jarring of the car, causing her to come down quicker than she had anticipated. She turned her left ankle which caused her great pain. Trying to protect the sprained ankle, she stepped into the street where she fell and broke her right ankle.

In explaining the "jar", she testified that after the car had stopped, it "moved", and that this threw her off balance when she hit the second step. Upon cross-examination, she testified that the car "moved forward," after it had stopped, but later she said that she was not sure whether it moved forward. "It just was a movement and I wasn't expecting it," she said.

The defendant presented evidence that the car did not move after it stopped, and that it was mechanically impossible for the motorman to put the car into motion after the doors were opened. This was oral evidence which the jury was free to reject. *Davis v. Rider*, 387 Pa. 14, 127 A. 2d 108 (1956); *Hershey v. Pittsburgh & West Va. Rwy. Co.*, 366 Pa. 158, 163, 76 A. 2d 379 (1950); *Reel v. Elder*, 62 Pa. 308 (1869); *Armstrong v. John Hancock Mut. Life Ins. Co.*, 164 Pa. Superior Ct. 507, 513, 66 A. 2d 468 (1949).

The appellant contends that it is not liable even if its car did "jerk" unless it clearly appeared that the movement of the car was so unusual and extraordinary as to be beyond a passenger's reasonable anticipation. It cites a number of cases to support this proposition, but all of them relate to "a *moving* trolley car." *Smith v. Pittsburgh Railways Company*, 314 Pa. 541, 171 A. 879 (1934); *Cutler v. Philadelphia Rapid Transit Company*, 319 Pa. 351, 179 A. 434 (1935); *Staller v. Phila-*

delphia Rapid Transit Company, 339 Pa. 100, 14 A. 2d 289 (1940) ; Herholtz v. West Penn Railways Company, 362 Pa. 501, 66 A. 2d 839 (1949) ; Bollar v. Pittsburgh Railways Company, 153 Pa. Superior Ct. 199, 33 A. 2d 261 (1943) ; Coyle v. Pittsburgh Railways Company, 149 Pa. Superior Ct. 281, 27 A. 2d 533 (1942).

These cases, and the principles stated in them, do not apply to a case such as this where the car moved while its doors were opened for discharging passengers.

There was evidence from which the jury could have found that the car was moved while discharging passengers, and that this movement was the cause of the plaintiff's injuries. Whether we would have reached the same conclusion from the evidence is immaterial. Kelly v. Pittsburgh & Birmingham Traction Co., 204 Pa. 623, 625, 54 A. 482 (1903) ; Feldman v. Riccordino, 58 Pa. Superior Ct. 114, 119 (1914).

Whether the verdict is contrary to the weight of the evidence rests within the discretion of the court below, and the action of that court in refusing to grant a new trial on such ground will not be reversed except for an abuse of discretion. We do not consider the action of the court below in refusing a new trial in this case to be an abuse of discretion. Baugh v. McCallum, 140 Pa. Superior Ct. 276, 282, 14 A. 2d 364 (1940) ; Joseph v. Rochester Motor Coach Co., 380 Pa. 189, 110 A. 2d 214 (1955).

Judgment affirmed.