Brandon, Appellant, *v.* Peoples Natural Gas Company.

Argued October 12, 1964.  Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

130

*Robert C. Earley,* with him *W. Thomas Malcolm,* for appellants.

*Joseph W. Serene,* with him *Robert M. Jacob,* and *Serene & Fee,* for appellees.

OPINION BY MR. JUSTICE COHEN, March 16, 1965:

This is an appeal by plaintiffs below from a judgment notwithstanding the verdict in an action of trespass brought against defendant gas company by plaintiffs, husband and wife. The action was brought for property damage and personal injury resulting from a fire and explosion which destroyed their home and injured the husband.

In considering defendant's motion for judgment n.o.v. the lower court was obliged to "view the evidence, together with all reasonable inferences therefrom, in the light most favorable to the verdict-winner," *Bortz v. Henne,* 415 Pa. 150, 151, 202 A. 2d 49, 50 (1964). In so viewing the evidence it is necessary to determine whether the lower court properly ruled that, as a matter of law, negligence on the part of the defendant was not a proximate cause of plaintiffs' injuries.

The evidence adduced clearly was sufficient to allow the jury to find that a fire and explosion occurred

in plaintiffs' home on January 25, 1961, that for years prior to and including the time of the fire and explosion defendant supplied natural gas to the home of plaintiffs, which they used for cooking and water heating purposes, that the gas was piped into the house through the basement and a meter located therein, that, in the summer preceding the fire and up to the preceding October, wife-plaintiff and some of her friends frequently smelled a gas odor throughout plaintiffs' home, that, in this period, wife-plaintiff telephoned the defendant gas company several times complaining about the odor, that the defendant company failed to respond to the calls, that, immediately after the fire, the fire chief went to the basement of the plaintiffs' home and discovered gas leaking in front of and behind the valve which shuts off the gas flow into a gas meter, which had been installed by defendant in 1959 and which was owned by it.

Because the jury could reasonably have found that, prior to the accident, defendant was on notice that there might have been gas leaks in plaintiffs' home, it is clear that defendant had some duty, we need not determine its precise extent, to investigate or locate the trouble, if any. *Steele v. Peoples Natural Gas Company*, 386 Pa. 439, 445, 127 A. 2d 96, 99 (1956); *Stephany v. Equitable Gas Company*, 347 Pa. 110, 113, 31 A. 2d 523, 525 (1943); *Windish v. Peoples Natural Gas Company*, 248 Pa. 236, 93 Atl. 1003 (1915). Moreover, the jury could reasonably have found that defendant did not discharge this duty.

Defendant and lower court do not seriously question the propriety of the preceding findings. Instead, two independent reasons, both relating to proximate cause, are advanced in support of the lower court's grant of the judgment n.o.v.: (1) that the evidence set forth above does not sufficiently support an inference that there was, in fact, gas escaping before the

fire and explosion and that the escaping gas caused the fire and explosion, and (2) that the evidence regarding the finding of leaks subsequent to the fire was improperly admitted and, without it, there is insufficient evidence to support a verdict for plaintiffs. The trial court, in its opinion, clearly relied on the second proposition to support its ruling, and it is not certain to what extent it relied on the first proposition.

In our opinion the first proposition is without merit. Where proof is by circumstantial evidence the jury may not reach its verdict on the basis of speculation or conjecture; but the plaintiff is entitled to keep the verdict for him when the jury could have reasonably inferred the facts necessary to establish liability. *Robbins v. Kaufman,* 415 Pa. 192, 202 A. 2d 826 (1964); *Riesberg v. Pittsburgh & Lake Erie Railroad,* 407 Pa. 434, 180 A. 2d 575 (1962); *Smith v. Bell Telephone Company of Pennsylvania,* 397 Pa. 134, 153 A. 2d 477 (1959). Plaintiffs' evidence of gas odors in the house before the accident, the nature of the accident (explosion and fire), and the discovery of gas leaks after the fire was sufficient to support a reasonable inference that leaking gas caused the accident.

It is true that defendant introduced testimony to the effect that the explosive force of the accident could have been caused by something other than leaking gas and that the subsequently discovered gas leaks might have been a consequence rather than a cause of the accident. But it is settled that judgment n.o.v. cannot be entered for the defendant on the basis of his oral exculpatory evidence because the jury may disbelieve it. *Hershey v. Pittsburgh & West Virginia Railway Company,* 366 Pa. 158, 76 A. 2d 379 (1950); *MacDonald v. Pennsylvania Railroad Co.,* 348 Pa. 558, 36 A. 2d 492 (1944); *Kent v. General Chemical Co.,* 285 Pa. 34, 131 Atl. 558 (1925); *Reel v. Elder,* 62 Pa.

308 (1869); *Barton v. Pittsburgh Railways Company*, 184 Pa. Superior Ct. 304, 133 A. 2d 869 (1957).[1]

As to the second proposition the trial court and the defendant conclude that testimony of gas leaks around the gas meter subsequent to the accident should not have been admitted in evidence to prove the existence of the leaks before the accident. Defendant argues that the existence of a thing or condition at a particular time cannot be proved by its existence at a subsequent time unless accompanied by proof that it has not changed in the interval. See, e.g., *Murray v. Siegal*, 413 Pa. 23, 29, 195 A. 2d 790, 793 (1963); *Nestor v. George*, 354 Pa. 19, 20, 46 A. 2d 469, 471 (1946). But the exclusion or admission of such evidence is a matter of relevancy and, therefore, the circumstances of each case must be considered. As more fully stated in *Nestor*, supra, and Henry, Pennsylvania Evidence, Vol. 1, §33, p. 60 (4th ed. 1953): "Whenever the condition of a particular place or thing at a certain time is in question, evidence of its condition at a prior or subsequent time is admissible if accompanied by proof that it has not changed in the meanwhile. On the other hand, if it appears *from the circumstances* that the condition of a thing or place at another time would afford no just criterion of its condition at the time to which the inquiry relates, evidence of condition at such other times will not be received." (Emphasis supplied).

And according to Wigmore: "That no fixed rule can be prescribed as to the time or the conditions within which a prior or subsequent existence is evidential, is sufficiently illustrated by the precedents, from which

---

[1] Of course, this principle is subject to the salutory rule that the trial judge may award a new trial when there has been a capricious disregard by the jury of persuasive testimony. *Eisert v. Jones*, 408 Pa. 73, 78, 182 A. 2d 717, 720 (1962); *Mack v. Reading Company*, 377 Pa. 135, 142, 103 A. 2d 749, 752 (1954).

it is impossible (and rightly so) to draw a general rule. They may be roughly grouped into two classes— those in which the evidence has been received without any preliminary showing as to the influential circumstances remaining the same in the interval (thus leaving it to the opponent to prove their change by way of explanation in rebuttal), and those in which such preliminary showing is required. Whether it should be required must depend entirely on the case in hand, and it is useless to look or to wish for any detailed rules.

. . .

"The matter should be left entirely to the trial court's discretion." 2 Wigmore on Evidence §437, pp. 414-417 (3rd ed. 1940).

In this case the time interval between the observation and the time at which the condition must have existed to establish liability was a matter of hours. Moreover, the subject matter was not of a type that ordinarily changes in such a short interval. These facts alone tended to prove there was no change in the interval. On the other hand, there was intense heat and falling debris in the interval—circumstances which might make the subsequent observation too speculative, as proof of the prior condition, to be admitted. Under such circumstances we cannot say the trial judge abused his discretion in deciding that it was error to have admitted the subsequent observation without additional proof as to its relevancy.

However, the lower court cannot enter judgment n.o.v. on the record as diminished by this testimony. "If the evidence . . . was erroneously admitted, the only way it could properly be excluded after trial was through the medium of a new trial. . . . The court could not, on . . . motion for judgment n.o.v., eliminate the evidence on the ground that it had been improperly received at trial and then dispose of the case on the basis of the diminished record. . . . Non constat that,

had the assailed evidence been denied admission in the first instance, the plaintiffs would not have been able to supply other competent evidence." *Cherry v. Mitosky,* 353 Pa. 401, 404, 45 A. 2d 23, 25 (1946). See also *Rosche v. McCoy,* 397 Pa. 615, 619, 156 A. 2d 307, 309 (1959).

Since the trial court obviously was of the opinion that judgment n.o.v. would have to be entered, in the absence of the testimony as to subsequent condition, it necessarily follows that it was of the opinion that the erroneous admission of the testimony was sufficiently prejudicial to warrant a new trial (defendant had also moved for a new trial). Therefore, we shall direct the allowance of a new trial. When and if the same testimony is offered, the trial court must exercise its discretion whether to require preliminary or subsequent additional proof that there has been no material change in the interval between the accident and the observation of subsequent condition. If it is admitted, with or without additional proof of no change in condition, defendant may, of course, attempt to diminish its probative value, and the trial judge may properly point out in its charge to the jury the problem of probative value with respect to the particular issue.

Judgment reversed and a venire facias de novo awarded.