**Hughes v. Kovner Roll Forming Equipment, Inc.**

*Norman M. Yoffe,* for plaintiff.

*Leslie B. Handler, Handler & Handler,* for defendant.

LIPSITT, J., May 13, 1971.—On March 1, 1971, subsequent to a jury verdict in favor of Capital Refrigeration, Inc., and against Kovner Roll Forming Equipment, Inc. (hereinafter called Kovner), this court issued a per curiam order denying motions for judgment n.o.v. and a new trial filed on behalf of Kovner. An appeal has been taken to the Superior Court which is being limited to the questions raised on the motion for judgment n.o.v. This opinion is written in support of the said per curiam order and concerns only the matters raised relative to the judgment n.o.v.

Because of the somewhat complicated nature of this case, particularly the parties involved, the procedural history including references to a companion case is necessary to understand the issues on appeal.

Initially, on December 4, 1968, Kovner filed a complaint in assumpsit in this court to September term, 1968, no. 1525, averring the sale of certain roll forming machinery to Capital Refrigeration, Inc. (hereinafter called Capital). The sales price was $18,000 and plaintiff claimed a balance due on the purchase price of $5,622. Capital in its answer denied it had purchased the machine and averred instead that the T. A. Leasing Company was the purchaser. T. A. Leasing Company is a trust in which Glenn C. Hughes is a trustee. Hughes is also president of Capital. Capital joined T. A. Leasing Company as an additional defendant and in its answer to additional defendant's complaint, T. A. Leasing Company admitted it was the purchaser of the machine and liable for any balance

of the purchase price. However, it set forth a counter-claim in which it asserted the machine was not manu-factured properly and violated the warranty fitness for a specific purpose. Kovner answered the counter-claim by denying any contractual relationship with T. A. Leasing Company and denying that there were any defects in the machine.

Thereafter, on February 25, 1969, the instant case was filed to January term, 1969, no. 802, and involves the same transaction. T. A. Leasing Company, Capital and Capital Refrigeration Sales Corporation were the plaintiffs and Kovner, defendant. In this suit, plaintiffs averred they all negotiated and contracted together with Kovner, that T. A. Leasing Company purchased the machine and Capital leased it from T. A. Leasing Company and contracted with Kovner as to the speci-fications it needed as it (Capital) was the party who would actually be using the machine in its manufactur-ing process. The claim of the Sales Corporation was withdrawn prior to the time the case went to the jury so its position and demand are not considered herein.

Plaintiffs stated further that Kovner was aware of the various entities with whom it was contracting and that the warranties were intended to extend to both plaintiffs. By reason of the alleged defective manufac-ture and installation, T. A. Leasing Company claimed damages for the cost of repairs and Capital claimed damages for the value of the wastage of materials and the cost of additional labor as a result of improper performance.

Kovner filed preliminary objections to this litigation which were overruled in a per curiam memorandum opinion and order dated April 20, 1970 (92 Dauph. R. 320 (1970)). The major objections were based on the applicability of the parol evidence rule. Kovner at-tempted to exclude parol evidence to show that the

party contracting with it was anyone other than Capital. The court ruled that parol evidence was admissible, because the informal contract was ambiguous and susceptible to different interpretations.

Kovner then submitted an answer which denied it contracted with anyone other than Capital and further denied any defects in the manufacture or installation of the machinery.

Both the instant case and the initial suit instituted by Kovner were consolidated for trial. The jury rendered a verdict in favor of Kovner against Capital in September term, 1968, no. 1525, in the amount of $6,702, which included the sales tax, and for Kovner on the T. A. Leasing Company counterclaim. In the action now before the court, the jury's verdict was in favor of Capital in the amount of $4,802.

Thereafter, various motions for a new trial and judgment n.o.v. were filed on behalf of all parties. The court in its per curiam orders of March 1, 1971, denied all of the motions. As noted previously, only the rejection of the motion for judgment n.o.v. on behalf of Kovner is disputed and is on appeal.

At trial, Kovner submitted a point requesting binding instructions which was refused. The question presently for determination on this motion for judgment n.o.v. is whether on the whole record such request should have been granted.

First, Kovner argues the jury verdict in favor of Kovner in the case in which it was plaintiff conclusively established that the contracting party was Capital and not T. A. Leasing Company. Thus, if the two cases had not been consolidated for trial, Kovner in the instant litigation would be in a position to raise the defense of res judicata. Further, it is said in this case, the jury by returning a verdict in favor of Capital and failing to return a verdict in favor of T. A.

Leasing Company again decided T. A. Leasing Company was not a party to the original contract.

Secondly, it is the position of Kovner that recognition of the claim of Capital violates the parol evidence rule because Capital predicated its case upon being a third-party beneficiary of a contract between T. A. Leasing Company and Kovner. Thus, it is concluded the claim of Capital must fall under the finding that T. A. Leasing Company was not a party to the contract.

With respect to the concept of res judicata, Kovner states Capital should have asserted its position in the suit brought by Kovner against it. This phase of Kovner's argument appears to have little merit. As a party-defendant in Kovner's action, Capital was not obliged to present all claims it might have against plaintiff either by answer or by way of counterclaim. Such defendant has the right to bring its own action as a plaintiff. See 2B Anderson, Pa. Civil Practice, §1031.3, p. 51, and citations therein. The cases were tried together properly and the plea of res judicata is simply not applicable under such circumstances.

The second proposition advanced by Kovner is that the parol evidence rule has been violated in these proceedings. It is first said that this court erred in failing to sustain the preliminary objections by defendant and in permitting evidence relative to the identification and damages of the parties-plaintiff. This court previously had ruled in disposing of Kovner's preliminary objections that the nature of the contract involved here was such as would permit parol evidence in explanation thereof: Hughes et al. v. Kovner Roll Forming Equipment, Inc., supra. Kovner in the preliminary objections and during the trial sought to show that it was only Capital who contracted with Kovner and the other two plaintiffs should be removed. Capital has now obtained a verdict in its favor, and the jury has

evidently accepted the arguments of Kovner and has precluded T. A. Leasing Company from any recovery. The Sales Corporation was dismissed as a party during the trial. Kovner reasons that Capital's verdict against Kovner arising out of the contract should not be allowed to stand, because Capital's theory was based on its being a third-party beneficiary. This concept originated with Kovner as Capital did not plead any facts which placed it in the position of a third-party beneficiary. A reading of the complaint reveals Capital represented that it along with the other plaintiffs negotiated directly with Kovner. The verdict by the jury for Kovner in its suit is consistent with its verdict against Kovner in Capital's suit. The jury apparently believed Kovner's contention that there was a contract between Capital and Kovner and believed Capital's contention that there was some defect which caused Capital damage. It may be parenthetically noted that the averment for material wastage and labor losses in the complaint was for only $2,500. There was evidence introduced at trial showing losses in the amount of $4,802 and no objection was made to the testimony supporting the larger sum.

Defendant repeats many of the grounds for exclusion of the parol evidence which were considered in disposing of the preliminary objections. There is no need to discuss these again, except to point out there was not only the informality of the contract in letter form but also its ambiguity as to the parties and incompleteness which compelled the court to dismiss the preliminary objections. Kovner suggests that its president would have conducted himself differently while on the stand if the demurrer had been sustained, and he would have had no fear of a verdict for alleged loss of profits. Unfortunately, this is a problem which has no validity as a legal postulate.

In considering a judgment n.o.v., the evidence must

be viewed in the light most favorable to the verdict winner, and it must be given the benefit of all reasonable inferences therefrom: Brandon v. Peoples Natural Gas Company, 417 Pa. 128 (1965). It should be entered only when the facts are such that no two reasonable persons could fail to agree that the verdict was improper: Cummings v. Nazareth Borough, 427 Pa. 14 (1967).

The jury did remarkably well in comprehending the entire transaction and sifting the evidence. Kovner averred there was a contract between it and Capital, and evidence was introduced to this effect. Capital averred a contract with Kovner and introduced evidence to support damages. It must be concluded that there was no deficiency in the pleadings, law or evidence which would require the granting of a judgment n.o.v.

In accordance with this discussion, we enter the following

ORDER

And now, May 13, 1971, the motion for judgment n.o.v. on behalf of Kovner Roll Forming Equipment, Inc., is denied, and the per curiam order of March 1, 1971, is reaffirmed.