Elia, Appellant, *v.* Olszewski.

Argued September 28, 1951. Before DREW, C. J., STERN, STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

*A. S. Fingold,* with him *Morris F. Cohen* and *Fingold & Fingold,* for appellant.

*Maurice L. Kessler,* for appellee.

OPINION BY MR. JUSTICE LADNER, November 15, 1951:

This case comes before us on an appeal from the order of the court below refusing to grant a new trial on the ground that the verdict was against the weight of the evidence. Whether in a given case a verdict should be set aside as against the weight of the evidence is primarily for the trial court and we are loathe to interfere with its discretion in that regard, whether granted (see *Hershey v. Pittsburgh & West Va. Rwy. Co.,* 366 Pa. 158, 76 A. 2d 379 [1950]) or refused (*Yago et al., v. Pipicelli,* 343 Pa. 222, 22 A. 2d 699 [1941]) and especially is this so when the evidence is conflicting. However, where, as here, there is no conflicting evidence and especially where no evidence at all is produced by the party in whose favor the verdict is rendered, the trial judge should not permit a capricious verdict to stand against uncontradicted testimony of credible witnesses whose veracity there is no apparent reason to doubt, unless such testimony is in itself inherently incredible or contradictory.

While it is true that however indisputable may be the proof resting on oral evidence, a trial judge may not assume its truth even though uncontradicted to the extent of directing a verdict or entering judgment n.o.v., yet this does not mean that a perverse or capricious verdict or one plainly against the weight of the evidence must be allowed to stand. The remedy is to grant a new trial: *Nanty-Glo Boro. v. American*

*Surety Co.,* 309 Pa. 236, 163 A. 523 (1932). And repeatedly if necessary: *Maloy v. Rosenbaum,* 260 Pa. 466, 103 A. 882 (1918) : *Bradican v. Scranton Rwy. Co.,* 260 Pa. 555, 103 A. 1013 (1918) ; *Shaughnessy v. Director General of R. R.,* 274 Pa. 413, 118 A. 390 (1922).

In the case before us the plaintiff appellant entered into a written contract whereby defendant agreed to purchase plaintiff's retail liquor license, business fixtures, equipment, etc., for the sum of $35,000. The complaint averred defendant's refusal to perform; that plaintiff offered the business for sale in the open market, procured a bona fide offer of $23,000, gave defendant a final opportunity to perform and upon defendant's failure to do so, sold the business for $23,000. Damages are claimed in the sum of $12,000, being the difference between the contract price and the amount received from the second purchaser. The defendant in his answer admitted executing the contract and admitted his breach. To the averments as to the sale for $23,000 after defendant refused to perform, defendant answered a general denial and demanded proof for the reason that he was "without knowledge or information relative to the same because means of proof are within the exclusive control of the plaintiff." It may be doubted whether this was a sufficient denial under Pa. R. C. P. 1029.[1]

---

[1] Pa. R. C. P. 1029 (c) permits a demand of proof only if it is coupled with a statement by the pleader that either (1) after a reasonable investigation he is without knowledge or information sufficient to form a belief as to the averment of which proof is demanded, or (2) that he lacks such knowledge or information because the means of proof are within the exclusive control of the adverse party, or a hostile person. In the instant case the defendant relies on the second condition but where it is obvious that the means of information are not within the exclusive control of the adverse party the court ought to ignore such an averment: see *Cuppels v. Connolly,* 40 Luz. Leg. Rep. 189 (1948), and see discussion in *Anderson, Pa. Civil Practice,* page 442, et seq.; *Goodrich-Amram,* §1029 (c) (1), p. 133.

However that may be, the breach having been admitted the case went to trial on the single issue whether the resale was actual and bona fide.

To establish this fact the plaintiff called Morris F. Cohen, Esq., a member of the bar since 1934 who represented plaintiff in the transaction, and who testified in substance that after defendant breached his agreement to purchase he notified all real estate men, beer distributors and everyone else he thought might be interested in the purchase of a liquor license and restaurant business and as a result of his efforts secured Josephine Levine and her husband, who were bona fide purchasers.

This testimony was supplemented by Daniel Kraus, Esq., the attorney who represented the new purchasers who bought for $23,000. He testified to the details of the payment of the purchase price as well as the details of the formation and the incorporators of the corporation which the new purchaser had formed to take over the business. There was express testimony that the plaintiff had no connection with the corporation that the new purchaser had formed, and that the entire transaction was bona fide. Neither witness was shaken or discredited nor did any contradiction develop in the brief cross-examination made by defendant's counsel.

There was also read in evidence a letter dated April 2, 1948, informing defendant of the fact that plaintiff had received a bona fide offer of $23,000 for the liquor license and business; also that he would give defendant an opportunity until April 10th to comply with his agreement, otherwise the $23,000 offer would be accepted and defendant held for the consequent damages. Defendant ignored this letter and at the trial offered no testimony whatsoever.

The plaintiff's witnesses were reputable members of the bar possessed of the fullest knowledge of the

circumstances. Yet the jury rendered a perverse verdict in the face of their uncontradicted testimony which there was no reasonable grounds for disbelieving. Such a verdict, against the only evidence in the case, cannot be allowed to stand and the remedy is a new trial. The learned court below suggested that perhaps the failure of counsel to call the plaintiff to the stand was responsible for the verdict. To have called him would have added little, if any, weight to the evidence for he was a vitally interested party while the attorneys called were disinterested and moreover had covered the essential details of the matter so completely as to make more testimony merely repetitious. Besides the defendant's counsel could have called plaintiff as for cross-examination if his cross-examination was desirable.

As this case must go back for a new trial we ought to say also that in no event could a verdict for the defendant be justified in a case where the breach of contract is admitted. Plaintiff was, at the least, entitled to nominal damages which verdict would carry costs. However, we have heretofore said that we will not ordinarily reverse on this ground alone where no request was made for the same at the trial and no establishment of a property right is involved: *Bastian v. Marienville Glass Co.*, 281 Pa. 313, 126 A. 798 (1924).

Judgment reversed with a venire facias de novo.

Mr. Justice BELL dissents.