## Delaware Valley Carpeting Contractors, Inc. v. Leicht

*A. J. Molluso*, for plaintiff.
*Paul R. Beckert, Jr.*,* for defendant.

RUFE, *J.*, February 27, 1975—The court, in this case, awarded judgment on the pleadings to plaintiff as a result of defendants' failure to properly deny plaintiff's allegations in defendants' answer. Defendants have appealed that judgment to the Superior Court, whereupon this opinion is written.

Plaintiff's complaint contained seven paragraphs. The first two identified the parties and were admitted in the answer. Paragraph 3 pleaded a written contract with an attached copy containing the purported signatures of defendants. Paragraph 4 alleged defendants' $200 down-payment on the contract. Paragraph 5 alleged completion of the contract by plaintiff and an acceptance thereof as evidenced by a written exhibit containing defendant-wife's purported signature. Paragraph 6 alleged "good and workmanlike" performance by plaintiff "to the complete satisfaction of defendants." Finally, paragraph 7 alleged repeated payment demands by plaintiff and continued refusal of defendants to pay.

Defendants' answer admitted the identity of the parties, but purported to deny the remaining five paragraphs by using the identical language in each paragraph, as follows:

---

*Mr. Beckert became attorney for defendant subsequent to the filing of the answer which is the subject of this opinion.

"Denied. Defendant is without such knowledge or information because the means of proof are within the exclusive control of the plaintiff and proof thereof is demanded at the trial of this matter."

Pa.R.C.P. 1029(b) provides that: "A general denial or a demand for proof, except as provided by subdivision (c) of this rule, shall have the effect of an admission." The pertinent exception in paragraph (c) of Rule 1029 provides: "An averment shall be deemed to be denied if proof thereof is demanded and the pleader states . . . (2) that he is without such knowledge or information because the means of proof are within the exclusive control of an adverse party or hostile person."

The above exception affords relief to the pleader who is unable to obtain the necessary information in order to plead because such information is in the control of the adverse party. However, "where it is obvious that the means of information are not within the exclusive control of the adverse party the court ought to ignore such an averment.": Elia v. Olszewski, 368 Pa. 578, 580, 84 A. 2d 188 (1951).

In the instant case, defendants certainly must have known whether or not the signatures purporting to be theirs on the documents as alleged in paragraphs 3 and 5 were, or were not, in fact authentic. See Bell, Jr. v. Nogan, 50 Luz. 227 (1960). Similarly, defendants certainly must know whether or not they made a $200 down-payment as alleged in paragraph 4, and whether or not plaintiff has demanded payments which they have refused to pay as alleged in paragraph 7. Compare Hendricks v. Hendricks, 69 York 186 (1955).

Finally, it is conceivable that defendants might not be able to determine whether plaintiff's work is "good and workmanlike" as alleged in paragraph 6,

but it is inconceivable to conclude, as defendants do, that the performance of plaintiff "to the complete satisfaction of defendants" as alleged, is information in "the exclusive control of the plaintiff." In fact, what information could be more in the control of defendants than whether or not they were "satisfied" with plaintiff's performance? Whether or not plaintiff's work is "good and workmanlike" may be beyond defendants expertise, but control of that information is certainly not in plaintiffs. The complaint pertains to the installation of carpeting in defendants' home, a location presumably in the control of defendants, in the absence of an allegation to the contrary. Thus, defendants, even if unable to evaluate plaintiffs alleged "good and workmanlike" performance themselves, have control of the premises in order to secure that evaluation from appropriate sources as they may see fit.

Accordingly, we could not escape the conclusion that defendants' answer constituted a gross misuse of Rule 1029 and all of defendants' answers must be construed as admissions warranting judgment on the pleadings for plaintiff.