**Ucci v. Fedish**

*Craig R. Levin,* for plaintiff.

*Kathleen A. Walsh* and *Alicia Caridi Schweyer,* for defendants.

SIBUM, *J.,* April 14, 2010—Plaintiff commenced this action seeking to recover damages for injuries she sustained in an automobile accident. Plaintiff alleges that

the accident happened on March 16, 2007 on the main driveway leading to the entrance of Great Wolf Lodge in Pocono Township. Plaintiff claims that defendant Fedish, an employee of Pocono Township, negligently operated a Township owned automobile and hit plaintiff's vehicle. Defendants Fedish and Pocono Township filed a motion for summary judgment arguing that under the Pennsylvania Political Subdivision Tort Claims Act plaintiff is not entitled to recover any pain and suffering type damages since she did not sustain a permanent loss of a bodily function as a result of the accident. Plaintiff and moving defendants filed briefs and argued their positions before the court on March 1, 2010.

## DISCUSSION

Pennsylvania Rule of Civil Procedure 1035.2 permits the trial court to dismiss an action after the close of pleadings where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Thompson Coal Company v. Pike Coal Company,* 488 Pa. 198, 204, 412 A.2d 466, 468-69 (1979). Summary judgment may only be entered where the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits demonstrate that no genuine, triable issue of fact exists and that the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035(b); *Brecher v. Cutler,* 396 Pa. Super. 211, 578 A.2d 481 (1990).

Summary judgment may be granted only in cases where the right is clear and free from doubt. *Musser v. Vilsmeier Auction Co.,* 522 Pa. 367, 562 A.2d 279, 280

(1989). Only when the facts are so clear that reasonable minds cannot differ may a trial court properly enter summary judgment. *Basile v. H & R Block Inc.,* 563 Pa. 359, 761 A.2d 1115 (2000). The trial court must view the record in the light most favorable to the non-moving party and must resolve all doubts as to the existence of a genuine issue of material fact against the moving party. *Potter v. Herman,* 762 A.2d 1116 (Pa. Super. 2000). The moving party bears the burden of proving that no genuine issue of material fact exists. *Long v. Yingling,* 700 A.2d 508, 512 (Pa. Super. 1997).

In response to a motion for summary judgment, the non-moving party may not rest upon the pleadings, but must set forth specific facts demonstrating a genuine issue for trial. *Phaff v. Gerner,* 451 Pa. 146, 303 A.2d 826 (1973). Failure to allege such specific facts will result in summary judgment, if appropriate, against the non-moving party. Pa.R.C.P. 1035.3; *Overly v. Kass,* 382 Pa. Super. 108, 554 A.2d 970 (1989). The court must also accept as true all well-pled facts contained in the non-moving party's pleadings. *Mattia v. Employers Mutual Companies,* 294 Pa. Super. 577, 440 A.2d 616 (1982). A general denial is unacceptable and deemed an admission where it is clear that the defendant has adequate knowledge and that the means of information are within the control of the defendant. *Elia v. Olszewski,* 368 Pa. 578, 84 A.2d 188 (1951).

In the case now before the court, plaintiff filed an amended complaint seeking damages for injuries sustained in the automobile accident. The damages sought by plaintiff include compensation for pain and suffering

she experienced as a result of the "serious and permanent internal and external painful injuries" she claims to have endured. Moving defendants argue that under the Pennsylvania Political Subdivision Tort Claims Act, plaintiff is not entitled to pain and suffering type damages since she did not sustain a permanent loss of a bodily function. We agree.

Under the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8553, damages for pain and suffering shall be recoverable "only in cases of permanent loss of a bodily function, permanent disfigurement or permanent dismemberment where the medical and dental expenses . . . are in excess of $1,500." Our Commonwealth's appellate courts have previously addressed the issue of whether an injury constitutes a permanent loss of a bodily function.

In *Walsh v. City of Philadelphia,* 526 Pa. 227, 585 A.2d 445 (1991), a basketball player injured while playing on a municipal playground court brought suit against the city, alleging that his injuries constituted a permanent loss of a bodily function and permanent disfigurement under the Political Subdivision Tort Claims Act. According to the parties' stipulation of facts, if the plaintiff had testified, he would have stated that he felt as if something was missing at the fracture level, that he still experienced achiness (sic) at the level of the fracture and had "charley horses" in the left calf. Further, he sometimes felt as if his left knee did not want to extend completely. Both parties' physicians agreed that there were no objective findings to support plaintiff's complaints, as the knee did

fully extend and had full range of motion. Both parties' physicians agreed that there was a half-inch atrophy of the left quadricep and calf. Dr. Nappi, the original treating physician, would have testified that the atrophy was permanent. The plaintiff had resumed employment in the same capacities as before the accident. Although plaintiff had chosen to no longer pursue athletics, none of the physicians who examined him recommended that he refrain from sports.

In that case, the Pennsylvania Supreme Court defined the phrase "permanent loss of a bodily function" to mean that as a proximate result of the accident, the injured claimant is unable to do or perform a bodily act or acts which the claimant was able to do or perform prior to sustaining the injury and that the loss of such ability is permanent. The Supreme Court held that despite his subjective complaints of pain, the plaintiff's injuries did not constitute a permanent loss of a bodily function and permanent disfigurement under the Political Subdivision Tort Claims Act.

Similarly, in *Smith v. Endless Mountain Transportation Authority*, 878 A.2d 177 (Pa. Commw. 2005), the Pennsylvania Commonwealth Court held that a handicapped patron, who was injured when her wheelchair fell over inside a municipal transit authority's van and she struck her head on a metal chair lift, was not entitled to damages for pain and suffering because she had not sustained a permanent loss of a bodily function.

In that case, deposition testimony established that as a result of the accident, plaintiff fractured her C-1 ver-

tebrae and was required to wear a halo device for several months to stabilize the fracture. The bone healed but plaintiff will always have an abnormality in the form of a callous. The deposition testimony also established that plaintiff continues to suffer neck pain associated with the fracture and voluntarily wears a neck brace to alleviate that pain.

The court held that the facts of record did not raise material questions of fact regarding permanent loss. In so holding, the court noted that without evidence suggesting that the callus attributable to the accident somehow prevented plaintiff from performing a bodily function that she was able to perform before the injury, the testimony failed to raise a question of fact sufficient to survive summary judgment on the issue of damages. The court further held that absent evidence indicating that the pain experienced by plaintiff somehow interferes with her ability to perform a bodily function, the deposition testimony that she continues to suffer neck pain and voluntarily wears a neck brace to alleviate it, fails to meet the *Walsh* standard.

Applying the holdings of *Walsh* and *Smith* to the case now before the court, we find that plaintiff has not suffered a permanent loss of a bodily function and that moving defendants are entitled to summary judgment on the issue of damages for pain and suffering. In the present case, the record reveals that plaintiff injured her face, nose, lip, chest, right hand, both knees, left foot, back, neck and shoulders. The plaintiff underwent a surgical procedure to correct a deviated septum. Her symptoms with regard to the deviated septum injury cleared up

after six months, and there is no scarring from the procedure. The plaintiff cut her lip in the accident, but it did not require any stitches, and she is not having any problems associated with that injury. The plaintiff struck her upper chest on something inside the car, which caused bruising and contusions, which resolved within three months of the accident.

The plaintiff cut and bruised her right hand, and these conditions cleared up within six months. The plaintiff bruised both of her knees by striking them on the interior of her car, and the bruising and swelling cleared up within three to six months post-accident. The plaintiff's right knee bothers her occasionally. The plaintiff also experienced pain in her left foot as a result of the accident, and this pain has improved over time. Plaintiff now has only occasional pain. The plaintiff also experienced stiffness in her upper back in the vicinity of her shoulders and neck area, which has improved over time.

The record shows that plaintiff is a runner, and since June 2008 has been able to run one to two miles three to five days per week. She works out at a gym three to five times weekly, and runs and lifts weights each time. Plaintiff has been discharged from care by all of her medical providers and has not treated with any medical providers since sometime in 2008. None of plaintiff's medical providers have restricted plaintiff's activities in any way.

Additionally, at the time of argument in this matter on March 1, 2010, as well as in plaintiff's answer to defendants' motion for summary judgment, plaintiff asserted that she is awaiting a report from Dr. Matthew Nagorsky

which would demonstrate that plaintiff's nasal septum injuries constitute a permanent loss of a bodily function. The court held this matter in abeyance for 30 days in order to allow plaintiff to submit any such medical reports. When no such reports were submitted by April 1, 2010, the court issued an order dated April 6, 2010 giving plaintiff an additional one week period in which to submit medical reports. None were submitted. Plaintiff's complaints regarding occasional knee pain or inability to wear high heels are subjective in nature and not supported by any evidence of record nor do such complaints, based upon the standards set by the *Walsh* and *Smith* cases, warrant a finding that plaintiff has suffered an injury which would allow her to recover damages for pain and suffering.

In short, the record is devoid of any evidence that plaintiff sustained a permanent loss of a bodily function, permanent disfigurement or permanent dismemberment from any injuries sustained in this automobile accident. Moving defendants are entitled to judgment.

## ORDER

And now, April 14, 2010, the motion for summary judgment of defendants, John Fedish and Pocono Township a/k/a Pocono Township Supervisors a/k/a Pocono Township Board of Supervisors, is granted as to damages only. Plaintiff, Jean Marie Ucci, may not recover any pain and suffering type damages against defendants John Fedish and Pocono Township a/k/a Pocono Township Supervisors a/k/a Pocono Township Board of Supervisors.