## McKinney v. Shelkin

C.P. of Monroe County, no. 11930 Civil 2008.

*Jason R. Ohlinger* and *Charles Kannebecker* for plaintiff.

*Jody A. Mooney, Gregory C. Kunkle,* and *David A. Williams* for defendants.

ZULICK, *J.,* August 5, 2010—This case is before the court on third-party defendant, Marsha McKinney's, motion for summary judgment. This action arises from an auto collision on February 1, 2007. Plaintiff, Craig McKinney's complaint alleges that he was a passenger in the vehicle operated by his mother, Marsha McKinney. The McKinney vehicle was struck by a vehicle driven by Alicia Shelkin and owned by Scott Shelkin. Specifically, the complaint alleges that the Shelkin vehicle was driving southbound on Route 3016 in Monroe County and while Ms. McKinney made a right-hand turn onto Hawk Terrace Road, Alicia Shelkin negligently caused her vehicle to collide with the McKinney vehicle.

On or about June 29, 2009, the Shelkins filed their answer with new matter to Craig McKinney's complaint. On or about February 8, 2010, the Shelkin defendants filed a third-party joinder complaint against Marsha McKinney. In the joinder complaint, the Shelkins allege that Marsha McKinney was at fault for the collision

because she was in the process of making a left turn onto White Church Road when she suddenly switched to a right-turn signal and turned right into Hawk Terrace Road causing her vehicle to collide with that of Alicia Shelkin, who was passing her on the right at the time.

On March 25, 2010, a deposition of all parties was conducted. On April 6, 2010, Marsha McKinney filed her answer to new matter. Marsha McKinney filed a motion for summary judgment on June 2, 2010. The Shelkins filed a brief in opposition on June 29, 2010. Oral argument was heard on July 6, 2010. Counsel for both parties were present.

Summary judgment may be granted pursuant to Pa.R.C.P. 1035.2 where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Thompson Coal Co. v. Pike Coal Co.,* 488 Pa. 198, 204, 412 A.2d 466, 468-69 (1979). Summary judgment is properly entered where the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits demonstrate that no genuine, triable issue of fact exists and that the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035(b); *Cosmas v. Bloomingdales Bros. Inc.,* 442 Pa. Super. 476, 481, 660 A.2d 83, 85 (1995).

Summary judgment may be granted only in cases where the right is clear and free from doubt. *Musser v. Vilsmeier Auction Co. Inc.,* 522 Pa. 367, 370, 562 A.2d 279, 280 (1989). The court must examine the record in the light most favorable to the non-moving party and resolve all doubts against the moving party. *Davis v. Pennzoil Co.,* 438 Pa. 194, 264 A.2d 597 (1970). Moreover, the burden is on the moving party to prove that no

genuine issue of material fact exists. *Long v. Yingling,* 700 A.2d 508, 512 (Pa. Super. 1997). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Thompson,* 488 Pa. at 204, 412 A.2d at 469.

In response, the non-moving party may not rest upon the pleadings, but must set forth specific facts demonstrating a genuine issue for trial. *Phaff v. Gerner,* 451 Pa. 146, 303 A.2d 826 (1973). The court must also accept as true all well-pled facts contained in the non-moving party's pleadings. *Mattia v. Employers Mutual Companies,* 294 Pa. Super. 577, 440 A.2d 616 (1982); *Ritmanich v. Jonnel Enterprises Inc.,* 219 Pa. Super. 198, 280 A.2d 570 (1971). A general denial is unacceptable and deemed an admission where it is clear that the defendant has adequate knowledge and that the means of information are within the control of the defendant. *Elia v. Olszewski,* 368 Pa. 578, 84 A.2d 188 (1951).

Marsha McKinney is seeking summary judgment. Ms. McKinney argues that no material issue of fact exists at this point. Ms. McKinney argues that her alleged changing of turn signals and then making a right-hand turn was neither the proximate cause nor a substantial factor in causing the accident.

In order to state a prima facie case of negligence the party (the Shelkins) must prove the following four elements (1) duty or obligation recognized at law; (2) breach of that duty; (3) a causal connection between the breach of that duty and the resulting injuries; and (4) actual loss or damage suffered by the complainant. *Reilly v. Tiergarten Inc.,* 430 Pa. Super. 10, 14, 633 A.2d 208, 210 (1993).

Ms. McKinney contends that the Alicia Shelkin deposition clearly shows that Alicia Shelkin caused the collision by her inability to bring her vehicle to a safe stop behind the McKinney vehicle and failure to follow the assured clear distance rule.

However, Alicia Shelkin testified that she passed to the right of the Marsha McKinney vehicle as Ms. McKinney was making a left turn. McKinney's left-turn signal was on at that point. The Motor Vehicle Code permits a driver to overtake another vehicle on the right, so long as that can be done safely. See 75 Pa.C.S. §3304. A driver must be "capable of stopping within the distance he can clearly see" under Pennsylvania's assured clear distance rule. *Springer v. Luptowski,* 535 Pa. 332, 337, 635 A.2d 134, 136 (1993). Ms. McKinney testified that she was given contradicting directions by passengers in the car, and changed her turn signal to the right. She immediately began her turn to the right without checking to see if that could safely be done at that point. Marsha McKinney deposition, 31, 35, 41. Although a driver must have his or her vehicle under control at all times, so that he can stop "before doing injury to any person or property . . . one is not bound to anticipate negligence of another," *Fleischman v. Reading,* 388 Pa. 183, 187, 130 A.2d 429, 431 (1957). There is a material question of which driver was at fault, and possibly the degree of negligence of each driver.

The question of whether Ms. McKinney's actions were the proximate cause or a contributing factor to the collision is a question of genuine material fact which is properly submitted to the jury, Summary judgment will be denied.

## ORDER

And now, August 5, 2010, following consideration of Marsha McKinney's motion for summary judgment, Alicia and Scott Shelkin's response and the parties arguments, it is ordered that summary judgment is denied.