# Deutsche Bank National Trust v. Coonfare

C.P. of Lawrence County, No.10879 of 2010, C.A.

*Paige M. Bellino,* for plaintiff.
*John R. O'Keefe,* for defendants.

MOTTO, *P.J.,* May 12, 2012—Before the court for disposition is plaintiff's motion for summary judgment. Plaintiff contends that it is entitled to an in rem judgment in mortgage foreclosure as a matter of law because the record establishes that defendants are in default of the mortgage, regardless of whether they dispute the specific amount due, and defendants have failed to offer evidence to raise a question of fact as to the assignment of the mortgage to plaintiff.

According to plaintiff's amended complaint, defendants Ryan J. and Kristen Coonfare entered into a mortgage loan transaction whereby defendants executed a mortgage in the amount of $100,000.00 in favor of Novastar Mortgage, Inc. as mortgagee on February 9, 2007. The mortgage was recorded in the Lawrence County recorder's office on February 20, 2007. On June 18, 2010 an assignment of mortgage was filed in the Lawrence County recorder's office whereby Novastar Mortgage, Inc. assigned all of its rights, title and interest, as holder of, in, and to the mortgage to Duetsche Bank National Trust Company, as trustee for the registered holders of Novastar Mortgage

Funding Trust, series 2007-2 Novastar Home Equity Loan Asset-Backed Certificates, series 2007-2. The executed assignment of mortgage states that plaintiff Duetsche Bank National Trust Company, its successor, legal representation and assigns shall hold all rights under the note and mortgage forever, subject however, to the right and equity of redemption, if any, of the maker(s) of the mortgage, their heirs and assigns forever.

The amended complaint further alleges that as of October 1, 2009 the required payments on the mortgage have not been made. On January 31, 2010 the plaintiff's sent the required notice to defendants advising them that the loan was in default for failure to make payments. Plaintiff alleged in paragraph 6 of the amended complaint that defendants have failed to bring the loan current and the outstanding balance was $107,740.36 as of March 22, 2010.

In their answer and new matter, defendants admit that they made and executed the mortgage with Novastar Mortgage, Inc. upon the property described in plaintiff's amended complaint; however, the plaintiff's amended complaint denied the assignment of interest from Novastar Mortgage, Inc. to the plaintiff stating that after reasonable investigation defendants are without knowledge or information sufficient to form a belief as to the truth of the averments relating to the assignment. The defendants assert in the new matter that the plaintiff has failed to establish that it is the true assignee of the mortgage, and for that reason, the defendants are not in debt to Duetsche

Bank National Trust Company. The defendants also denied paragraphs 4 through 6 of the plaintiff's amended complaint stating that strict proof of the exact amounts owed by the defendants is demanded at the time of trial, while admitting that an amount is due and owing plaintiff or its predecessor. Moreover, the defendants contend that the plaintiff's amended complaint is not properly verified by an individual authorized to act on behalf of the plaintiff or the legal holder of the defendants' mortgage.

The plaintiff filed a motion for summary judgment on December 29, 2011 contending that there are no genuine issues of material fact and summary judgment in mortgage foreclose should be granted because the record establishes as a matter of law that the defendants are in default on their mortgage for failure to make payments for an excessive period of time. Plaintiff asserts the defendants denial in their answer as to the precise amount due, amounts to an admission of the defendants' default on the mortgage. Further, although defendants challenge the assignment of the mortgage to plaintiff, plaintiff has set forth the chain of assignment to the plaintiff, in its amended complaint and supporting affidavit, and defendants have failed to come forward with any evidence challenging the assignment.

Under Pennsylvania law, summary judgment may be granted only in cases where it is clear and free from doubt that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law, *Kafando Erie Ceramic Arts Co.*, 764 A.2d 59, 61 (Pa.Super.2000)(citing *Rush v. Philadelphia*

*Newspapers, Inc.*, 732 A.2d 648, 650-651 (Pa.Super. 1999)). Pa.R.C.P. No. 1035.2 states:

> Any party may move for summary judgment in whole or in part as a matter of law whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report or if, after the completion of discovery relevant to the motion, including the production of expert reports, as adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to the jury.

When determining whether to grant a motion for summary judgment, the court must view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hughes v. Seven springs Farm, Inc.*, 563 Pa. 501, 752 A.2d 339 (2000). The non-moving party may not rest on averments in its pleadings and must demonstrate by evidence that there exists a genuine issue for trial. *Younginger v. Heckler*, 269 Pa.Super. 445, 450-451, 410 A.2d 340, 342 (1979). If there is no response, and summary judgment is otherwise appropriate, it may be entered against him. *Id.*

In the case of a mortgage foreclosure action, pre-trial disposition is proper if there is no genuine dispute that: (1) the recorded mortgage is in the specified amount, (2) the mortgage is in default, and (3) the mortgagor failed to pay

interest on the obligation. *Cunningham v. McWilliams*, 714 A.2d 1054, 1057 (Pa.Super. 1998)(citing *Landau v. Western Penn. Nat'l Bank*, 445 Pa. 217, 225-26, 282 A.2d 335, 340 (1971)). This is true even if the mortgagor has not admitted the specific amount of indebtedness in their pleadings. *Id.* Rule 1029(c) of the Pennsylvania Rules of Civil Procedure permits a pleader to deny allegations by indicating that, after reasonable investigation, the pleader is without sufficient information to form a belief as to the truth of the allegation; however, the rule does not excuse a pleader from admitting or denying a factual allegation when it is clear that the pleader must know whether a particular allegation is true or false. Pa.R.C.P. 1029; *Cercone v. Cercone*, 254 Pa.Super. 381, 383, 386 A.2d 1, 3 (1978). In a mortgage foreclosure action, the mortgagors and mortgagee are the only parties with sufficient knowledge to base a specific denial. *New York Guardian Mortgage Corp. v. Dietzel*, 362 Pa.Super. 426, 427, 524 A.2d 951, 952 (1987). General denials by mortgagors that they are without information sufficient to form a belief as to the truth of averments as to the principal and interest owing must be considered an admission of those facts. *First Wisconsin Trust Co. v. Strausser*, 653 A.2d 688, 692 (Pa. Super. 1995).

In the instant case, the defendants contend that an issue of material fact exists as to whether amounts paid by the defendants were property applied to the note and mortgage. The defendants admit that they are the real owners and mortgagors of the mortgaged property, that they received the pre-foreclosure notices and that they are in the default

of the obligation secured by the mortgage. However, the defendants deny that the sums the plaintiff alleges in the amended complaint that are owed on the mortgage are correct and the defendants demand strict proof of the exact amount owed by the defendant at the time of trial regarding principal, accumulated interest, accumulated late charges, Escrow Deficit/Reserve, title report, estimated court costs, and estimated attorney's fees.

It is well settled that lack of knowledge constitutes an admission where it is clear that the defendants have adequate knowledge or that the means of obtaining information are within the defendants' control. *Elia v. Olszewski*, 368 Pa. 578, 84 A.2d 188 (1951); *Cercone v. Cercone*, 254 Pa.Super. 381, 386 A.2d 1, (1978). As mortgagor, the defendants possess sufficient knowledge to admit or deny the plaintiff's allegations. *New York Guardian Mortgage Corp. V. Dietzel*, Supra. 362 Pa.Super. at 427, 524 A.2d at 952. The defendants general denial of the calculation of sums due provided by plaintiff is to an averment that offers factual situations of which the defendants have knowledge, and therefore constitutes an admission. *First Wisconsin Trust Co. v. Strausser*, 439 Pa.Super. 192, 653 A.2d 688 (1995). The sums due to plaintiff are easily calculable under the terms of the mortgage, the contents of which are clearing within defendant's knowledge and control. Since defendants have the knowledge of, and the means necessary for oxbtaining the denied information, including the total sums due, the denial are in-fact admissions. *Elia v. Olszewski*, 368 Pa. 578, 84 A.2d 188 (1951); *Cercone v. Cercone*, 254

Pa.Super. 381, 386 A.2d 1, (1978).

The defendant also argues that a genuine issue of material fact exists as to whether the mortgage and note were properly assigned to plaintiff, making plaintiff the proper party-in-interest. The defendants contend that plaintiff does not have standing to bring this action in mortgagor foreclosure against defendant because the plaintiff is not the rightful owner of the mortgage.

This court finds that the record establishes that the mortgage was given by the defendants in February 9, 2007 to Novastar Mortgage, Inc. and shortly thereafter on June 7, 2010 the mortgage was assigned to the plaintiff. Plaintiff has attached to its amended complaint and its affidavit in support of the motion for summary judgment a copy of the assignment of the mortgage in support of its ownership claims, where it is also recorded in the office of the recorder of deeds of Lawrence county. Defendants have not come forward with any evidence that would challenge the validity of the assignment to plaintiff.

The defendants contend that the verification to the amended complaint is defective as well as the execution of the affidavit supporting the motion for summary judgment, as these documents are executed by Johanna Miller as "authorized signer" of "ocwen Loan servicing, Inc." The court is satisfied from the terms of the supporting affidavit that Mrs. Miller has sufficient knowledge of the facts and authority to make the verification and the affidavit on behalf of plaintiff. The assignment of mortgage from Novastar Mortgage, Inc. to plaintiff was recorded on June

18, 2010 and a copy attached to the plaintiff's amended complaint. The assignment of mortgage, in accordance with the recording statue and applicable provisions of the uniform commercial code, served as notice to the world of plaintiff's interests in the subject property. *U.S. Bank, N.A., as Trustee for Residential Funding Co., LLC. v. Mallory*, 982 A.2d 986 (Pa.super. 2009). The assignment of mortgage is indicative of the plaintiff's ownership of the mortgage. Any issue that the amended complaint was improperly verified should have been raised in the form of a preliminary objection. No such preliminary objection was raised in this case.

In an action on a note secured by a mortgage, plaintiff presents a prima facie case by showing "the execution and delivery of the [note] and its nonpayment..." *CoreStates Bank N.A. v. Cutillo*, 723 A.2d 1053, 1056 (Pa.Super. 1999)(citing *Phila, Workingmen's Sav. Loan & Bldg. Ass'n v. Wurzel*, 355 Pa. 86, 90, 49 A.2d 55, 57 (1946)). Where [defendants] do not attempt to controvert the assertion that they failed to make payments as required under the terms of the note, the material facts cannot be in dispute as to the defendant. *CoreStates*, 723 A.2d 1056.

In the instant case, plaintiff has provided ample evidence indicting the existence of a mortgage and that an assignment of mortgage was properly executed, thus making plaintiff the owner of defendants' mortgage. The record reflects that defendants have failed to make the required payments under the obligations outlined in the mortgage. For the reasons set forth in this opinion,

plaintiff's motion for summary judgment in mortgage foreclosure is granted.

## ORDER OF COURT

And now, May 24, 2012, upon consideration of plaintiff's motion for summary judgment and supporting documents thereto, and upon consideration of the reply, if any, filed by defendants hereto, the court hereby determines that defendants, Ryan J. Coonfare and Kristin Coonfare, have failed to make a legal defense to plaintiff's claim and that plaintiff is entitled to summary judgment as a matter of law, and the court therefore orders and decrees that judgment, in rem, shall be entered in favor of the plaintiff and against defendants, Ryan J. Coonfare and Kristin Coonfare, in the amount of $122,867.67, together with ongoing per diem interest, escrow advances, and any additional recoverable costs to date of Sheriff's sale' and for foreclosure and sale of the mortgaged property.

It is further ordered and decreed that defendants' new matter is hereby denied and dismissed, with prejudice.