J-A29024-13

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BAC HOME LOANS SERVICING, LP f/k/a COUNTRYWIDE HOME LOANS SERVICING, LP, | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : : | |
| v. | : : | |
| KENT GUBRUD, | : : | |
| Appellant | : | No. 3285 EDA 2012 |

Appeal from the Judgment Entered November 10, 2012,
In the Court of Common Pleas of Northampton County,
Civil Division, at No. C 48 CV 2010-8820.

BEFORE:  GANTMAN, SHOGAN and PLATT*, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED SEPTEMBER 11, 2014**

Appellant, Kent Gubrud ("Gubrud"), appeals *pro se* from the order granting judgment in favor of BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP ("Appellee"), in this mortgage foreclosure action.  We affirm.

We summarize the history of this case as follows.  The mortgage at issue in this matter, dated October 7, 2005 for $359,600.00, was recorded on October 18, 2005, in Northampton County.  The mortgage was originally given by Gubrud to Mortgage Electronic Registration Systems, Inc. ("MERS") acting as a nominee for Lender and Lender's successors and assigns (Lender being Key Bank National Association).

_____
*Retired Senior Judge assigned to the Superior Court.

Gubrud failed to make several mortgage payments. In anticipation of filing a foreclosure action against Gubrud, Appellee, which became holder of the first lien mortgage, sent Gubrud pre-foreclosure Act 91 cure notices dated June 1, 2010, *via* certified mail. The notices were served upon Gubrud, who signed for them. On August 13, 2010, Appellee filed an action in mortgage foreclosure against Gubrud. Gubrud filed an answer to the complaint containing general denials. Gubrud did not file preliminary objections and did not file a new matter. On May 16, 2011, assignment of the mortgage from MERS to Appellee was recorded.

On April 11, 2012, Appellee filed a motion for summary judgment for Gubrud's failure to pay his mortgage. On May 25, 2012, Gubrud filed a reply opposing the motion for summary judgment and a cross-motion for summary judgment, claiming that Appellee did not have standing to proceed with the underlying foreclosure action. On June 25, 2012, Appellee filed a reply to Gubrud's cross-motion for summary judgment. On September 4, 2012, oral argument was held on both motions for summary judgment. On September 7, 2012, Gubrud filed a document entitled "Defendant's Supplemental Brief In Support Of Its Summary Judgment Motion." On October 5, 2012, Gubrud filed a "Letter Brief" in support of his motion for summary judgment and opposing Appellee's motion for summary judgment. On October 17, 2012, Gubrud filed a second "Letter Brief" in support of his

motion for summary judgment and opposing Appellee's motion for summary judgment. On October 24, 2012, the trial court granted Appellee's motion for summary judgment, in the amount of $368,717.38, and in the same order denied Gubrud's motion for summary judgment. This appeal followed.

Gubrud presents the following issues for our review:

A. Did the trial court err when it failed to grant [Gubrud's] summary judgment when he established that [Appellee's] attorney had failed to verify the complaint on behalf of [Appellee] in accordance with Rule 1024 and also falsely claimed personal knowledge?

B. Did the trial court err when it failed to grant [Gubrud's] Summary Judgment Motion which established that [Appellee] failed to establish possession of the Note?

C. Did the trial Court err when it refused to grant [Gubrud's] Motion for Summary Judgment which established that [Appellee] (a stranger to the Note and Mortgage) failed to demonstrate that it had acquired from MERS the right to enforce the Note because MERS (also a stranger to the Note) had acquired a sufficient ownership interest in the Note?

D. Did the trial court err in failing to dismiss [Appellee's] case because [Gubrud] established that [Appellee] was unable to *cure* its lack of standing at the time it filed its complaint via subsequent Assignment?

E. Did the trial court err in failing to grant [Gubrud's] Summary Judgment Motion when [Gubrud] established that [Appellee] failed to join an indispensible [sic] party?

F. Did the trial court err in refusing to grant [Gubrud's] Summary Judgment Motion which established [Appellee's] complaint failed to allege whether its Assignment was oral or written and failed to attach a copy of the Note?

G. Did the trial court err in granting [Appellee] Summary Judgment based upon [Gubrud's] alleged failure to specifically deny Paragraphs 4-8 of the complaint, despite the court and [Appellee] admitting that [Gubrud] had sufficiently disputed Paragraphs 1 and 3?

Appellant's Brief at 3.

Initially, we observe that in reviewing matters of summary judgment, we are governed by the following well-established principles:

Our scope of review of an order granting summary judgment is plenary. We apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. **Chenot v. A.P. Green Services, Inc.**, 895 A.2d 55, 60-61 (Pa. Super. 2006) (citation omitted).

Motions for summary judgment implicate the plaintiff's proof of the elements of his cause of action. **Chenot**, 895 A.2d at 61 (citation omitted). Summary judgment is proper "if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa.R.C.P. 1035.2(2). In other words, "whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report," Pa.R.C.P. 1035.2(1), and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. Thus, a record that supports summary judgment either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a *prima facie* cause of action or defense. **Chenot**, 895 A.2d at 61.

When reviewing a grant of summary judgment, we are not bound by the trial court's conclusions of law, but may reach our own conclusions. *Id*. We will disturb the trial court's order only upon an error of law or an abuse of discretion. "Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration." *Chenot*, 895 A.2d at 61 (citation omitted). Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law, exercises its discretion in a manner lacking reason, or does not follow legal procedure. *Id*. (citation omitted).

Where the discretion exercised by the trial court is challenged on appeal, the party bringing the challenge bears a heavy burden. It is not sufficient to persuade the appellate court that it might have reached a different conclusion if charged with the duty imposed on the court below; it is necessary to go further and show an abuse of the discretionary power. *Chenot*, 895 A.2d at 61 (citation omitted). An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused. *Id*. at 61-62 (citation omitted).

*Continental Casualty Company v. Pro Machine*, 916 A.2d 1111, 1115-1116 (Pa. Super. 2007).

Gubrud first argues that the trial court erred when it failed to grant his motion for summary judgment, which he alleges established that Appellee's attorney failed to verify the complaint on behalf of Appellee. Specifically, Gubrud contends that the verification of the complaint filed by Appellee, which initiated this matter, was not in accordance with Pa.R.C.P. 1024 and that Appellee's attorney also falsely claimed personal knowledge, which he did not have.

Before we may address the merits of this issue, we must first determine whether Gubrud has properly preserved the issue before the trial court. Pennsylvania Rule of Civil Procedure 1032 addresses waiver of defenses and provides, in relevant part, as follows:

**Rule 1032. Waiver of Defenses. Exceptions. Suggestion of Lack of Subject Matter Jurisdiction or Failure to Join Indispensable Party**

(a) A party waives all defenses and objections which are not presented either by preliminary objection, answer or reply, except a defense which is not required to be pleaded under Rule 1030(b) [the affirmative defenses of assumption of the risk, comparative negligence and contributory negligence], the defense of failure to state a claim upon which relief can be granted, the defense of failure to join an indispensable party, the objection of failure to state a legal defense to a claim, the defenses of failure to exercise or exhaust a statutory remedy and an adequate remedy at law and any other nonwaivable defense or objection.

Pa.R.C.P. 1032(a).

Pennsylvania Rule of Civil Procedure 1017 specifies the list of permissible pleadings allowed in civil matters and provides, in relevant part, as follows:

**Rule 1017. Pleadings Allowed**

(a) Except as provided by Rule 1041.1 [addressing asbestos litigation], the pleadings in an action are limited to

(1) a complaint and an answer thereto,

(2) a reply if the answer contains new matter, a counterclaim or a cross-claim,

-6-

(3) a counter-reply if the reply to a counterclaim or cross-claim contains new matter,

(4) a preliminary objection and a response thereto.

Pa.R.C.P. 1017(a).

Pennsylvania Rule of Civil Procedure 1028 addresses preliminary objections and provides, in relevant part, as follows:

**Rule 1028.  Preliminary Objections**

(a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:

\* \* \*

(2) failure of a pleading to conform to law or rule of court . . . .

Pa.R.C.P. 1028(a)(2).

Our review of the record reflects that, while Gubrud did file an answer to Appellee's complaint that initiated this mortgage foreclosure action, said answer contained only cursory denials of the facts pled within the complaint. Gubrud's answer did not contain any new matter.  Furthermore, our review of the record reflects that Gubrud failed to follow Rule 1028(a)(2) and file preliminary objections to the complaint, in which he would have properly challenged the alleged failure of Appellee's complaint to conform to Pa.R.C.P. 1024.  Thus, we are constrained to conclude that, pursuant to Rule 1032,

Gubrud's challenge to the verification attached to Appellee's complaint has been waived.[1]

In his second issue, Gubrud again argues that the trial court erred in failing to grant his motion for summary judgment. Specifically, Gubrud contends that summary judgment should have been granted in his favor because Appellee failed to establish possession of the original note, which precipitated the instant mortgage foreclosure action. Essentially, Gubrud presents a claim attempting to challenge Appellee's standing to initiate the instant mortgage foreclosure action. In support of his contention, Gubrud cites this Court's decision in **JP Morgan Chase Bank, N.A. v. Murray**, 63 A.3d 1258 (Pa. Super. 2013). For the following reasons, we conclude that this issue is waived. In addition, we conclude that our decision in **Murray** does not provide grounds for relief.

To the extent that Gubrud is challenging Appellee's standing to bring the instant action in mortgage foreclosure, we are constrained to conclude that the issue is waived due to Gubrud's failure to raise the challenge to Appellee's standing in either his answer, a new matter, or in preliminary

---

[1] In addition, to the extent that Gubrud relies upon our decision in **JP Morgan Chase Bank, N.A. v. Murray**, 63 A.3d 1258 (Pa. Super. 2013) to support his claim that the verification of Appellee's complaint was defective, we note that **Murray**, discussed *infra*, is readily distinguishable because the defendant in **Murray** actually filed preliminary objections to the complaint and included a challenge to the verification in his preliminary objections. Such was not the case in the instant matter.

objections. Moreover, Gubrud's answer to Appellee's complaint contained cursory denials of the facts pled and did not contain any new matter. Thus, we must conclude that, under Pa.R.C.P. 1032, the challenge to standing due to an alleged lack of possession of the note in question is waived.

Also, we must observe that our decision in *Murray* is distinguishable from the instant case. In *Murray*, the defendant challenged the standing of the mortgage holder to initiate the foreclosure proceedings in preliminary objections. Instantly, Gubrud failed to make any such challenge in either his answer to the complaint in mortgage foreclosure, or by filing preliminary objections. Thus, we must conclude that *Murray* does not provide Gubrud with the relief he seeks.

In his third issue, Gubrud further argues that the trial court erred in failing to grant his motion for summary judgment on the basis that proper possession of the note was not established. He alleges that Appellee failed to demonstrate that MERS had ever acquired any relevant ownership interest in the note, which would have permitted MERS to transfer title to Appellee. Gubrud concludes that, as a result, Appellee failed to prove a right to enforce the note.

In *MERS v. Ralich*, 982 A.2d 77 (Pa. Super. 2009), we addressed a somewhat similar argument wherein the Ralichs alleged MERS lacked the authority to complete a sheriff's sale. In that case, the mortgage and note

were transferred from MERS to American Home Mortgage Servicing, Inc.

The mortgage and note were then transferred through bankruptcy from

American Home Mortgage Servicing, Inc. to AH Mortgage Acquisition Co. Inc.

In concluding that MERS had the authority to act under the language

of the appropriate documents, we observed the following:

> The Mortgage provides at ¶ C that MERS is the mortgagee and is acting "as a nominee for Lender **and Lender's successors and assigns.**" Mortgage at 1.
>
> The Mortgage also provides:
>
> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, **the right to foreclose and sell the Property**; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

*Id*. at 3 (emphasis added).

> As the trial court correctly found, the Mortgage vests MERS with the authority, as nominee, to enforce the loan. The trial court noted, "[the] Ralich[s'] insistence that the sheriff's sale and deed must be set aside for want of authority is directly at odds with the explicit acknowledgement by [the] Ralich[s] at the time of refinancing that MERS would have precisely the authority [the] Ralichs[s] now contest[]." Opinion at 6. Therefore, the Ralichs' argument [that] MERS lacked the authority to complete the sheriff's sale is without merit.

*Ralich*, 982 A.2d at 81 (emphasis in original).

Our review of the record reflects that the mortgage at issue in this case contains the identical language as the mortgage cited above in our decision in **Ralich**. **See** Mortgage appended to Appellee's Motion for Summary Judgment at p. 3 of 16. Accordingly, as this Court held in **Ralich**, we are constrained to conclude that MERS had a valid ownership interest in the security documents and the authority to enforce the loan in question. Likewise, Gubrud's claim that MERS could not properly make a transfer to Appellee lacks merit.

In his fourth and fifth issues, Gubrud presents interrelated arguments. Gubrud asserts that the trial court erred in failing to grant his motion for summary judgment because Appellee was unable to cure its lack of standing at the time it filed its complaint, and that summary judgment in Gubrud's favor was necessary because Appellee failed to join as a plaintiff an indispensable party who owned the note. Essentially, Gubrud believes that Appellee could not cure its alleged lack of standing at the time it filed its complaint in August of 2010, by subsequently obtaining possession of the relevant documents by assignment from MERS in May of 2011.

A plaintiff in a foreclosure action is required to set forth, in the complaint, all assignments of the mortgage. Pa.R.C.P. 1147(a)(1). This Court has previously held that setting forth the chain of assignments of a mortgage in the complaint was critical to establishing standing in a

foreclosure action. **_See Wells Fargo Bank, N.A. v. Lupori_**, 8 A.3d 919, 922 (Pa. Super. 2010) (holding allegations by a purported mortgagee that it owned the subject mortgage and that there was a pending assignment to that mortgagee were sufficient to establish standing for foreclosure action); **_US Bank N.A. v. Mallory_**, 982 A.2d 986, 993 (Pa. Super. 2009) (holding complaint sufficiently put the defendant on notice of plaintiff's claim of interest with regard to the subject mortgage; Pa.R.C.P. 1147(a)(1) does not require recorded assignment as prerequisite to filing complaint in mortgage foreclosure).

Our review of the record reflects that Appellee set forth the assignment of the mortgage from MERS to Appellee and stated that Appellee "is the legal holder of the Mortgage and is in the process of formalizing the Assignment of Mortgage to be sent for recording." Complaint, 8/11/10, at ¶ 1. This language is sufficiently similar to the language found adequate in **_Lupori_**, and we conclude that it adequately establishes the assignment of the mortgage from MERS to Appellee. **_Lupori_**, 8 A.3d at 922.

In addition, with regard to the note, in **_Murray_** this Court held that a note secured by a mortgage is a negotiable instrument under the Pennsylvania Uniform Commercial Code and, as such, "the chain of possession by which [a party] come[s] to hold the [n]ote [is] immaterial to its enforceability by the [party]." **_Id_**. at 1266. To have standing to bring a

foreclosure action on property used to secure a note, a party need only establish actual possession of the note. ***Id***.

Here, Gubrud argues that Appellee was required to produce the original documents making the assignment of the mortgage and note to Appellee. However, in ***Mallory***, we held that to establish standing, the assignment need not even be recorded or finalized, so long as the bank avers that it is the owner of the mortgage and that an assignment is pending. ***Mallory***, 982 A.2d at 994. We therefore discern no merit to Gubrud's claims.

In his sixth issue, Gubrud attempts to present yet another challenge to Appellee's standing. Here, Gubrud argues that summary judgment should have been granted in his favor because Appellee's complaint failed to allege whether its assignment was oral or written and failed to attach a copy of the mortgage note.

As we previously discussed, an assignment need not be recorded prior to the commencement of foreclosure proceedings. ***Lupori***, 8 A.3d at 922; ***Mallory***, 982 A.2d at 993. As the complaint in mortgage foreclosure states, Appellee "is the legal holder of the Mortgage and is in the process of formalizing the Assignment of Mortgage to be sent for recording." Complaint, 8/11/10, at ¶ 1. This in Appellee's complaint is sufficient to

express that the assignment would be recorded in writing. Thus, Gubrud's contrary assertion lacks merit.

Moreover, with regard to Gubrud's allegation that the mortgage note was not attached to the complaint, our review of the record reflects that such was indeed the case. However, Gubrud failed to raise this challenge to the trial court either in a new matter or the filing of preliminary objections. Therefore, we are constrained to conclude that the claim is waived for purposes of this appeal.

In his final issue presented on appeal, Gubrud argues that the trial court erred in granting summary judgment in favor of Appellee based upon Gubrud's failure to specifically deny various paragraphs contained in the complaint filed by Appellee. Gubrud contends that it was not necessary for him to specifically deny every paragraph of the complaint filed by Appellee. For the following reasons, we conclude this claim lacks merit.

We have long stated that in a mortgage foreclosure action, summary judgment is proper if there is no genuine dispute that: (1) the recorded mortgage is in the specified amount, (2) the mortgage is in default, and (3) the mortgagor failed to pay interest on the obligation. *Cunningham v. McWilliams*, 714 A.2d 1054, 1057 (Pa. Super. 1998). This is true even if the mortgagor has not admitted the specific amount of indebtedness in their pleadings. *Id*.

Pennsylvania Rule of Civil Procedure 1029 requires a defendant to admit or deny each averment of fact within a complaint with specificity. Rule 1029 addresses the effect of denials in responsive pleadings and provides, in relevant part, as follows:

**Rule 1029.  Denials. Effect of Failure to Deny**

(a) A responsive pleading shall admit or deny each averment of fact in the preceding pleading or any part thereof to which it is responsive.  A party denying only a part of an averment shall specify so much of it as is admitted and shall deny the remainder.  Admissions and denials in a responsive pleading shall refer specifically to the paragraph in which the averment admitted or denied is set forth.

(b) **Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication.**  A general denial or a demand for proof, except as provided by subdivisions (c) and (e) of this rule, shall have the effect of an admission.

(c) A statement by a party that after reasonable investigation the party is without knowledge or information sufficient to form a belief as to the truth of an averment shall have the effect of a denial.

> *Note:* **Reliance on subdivision (c) does not excuse a failure to admit or deny a factual allegation when it is clear that the pleader must know whether a particular allegation is true or false.**  See *Cercone v. Cercone*, 254 Pa. Super. 381, 386 A.2d 1 (1978).

Pa.R.C.P. 1029(a)-(c) (emphasis added).  While Pa.R.C.P. 1029(c) allows a response to a pleading to deny allegations by indicating that, after reasonable investigation, the pleader is without sufficient information to

form a belief as to the truth of the allegation, the rule does not excuse a pleader from admitting or denying a factual allegation when it is clear that the pleader must know whether a particular allegation is true or false. Pa.R.C.P. 1029(c) Note.

It is well settled that lack of knowledge constitutes an admission where it is clear that the responder should possess adequate knowledge or that the means of obtaining information are within the control of the responder. *Elia v. Olszewski*, 84 A.2d 188 (Pa. 1951). *See Cercone v. Cercone*, 386 A.2d 1, 3 (Pa. Super. 1978) (finding defendant was required to specifically deny factual allegations in complaint where defendant was in position to know truth or falsity of allegation). In a mortgage foreclosure action, the mortgagors and mortgagee are the only parties with sufficient knowledge upon which to base a specific denial. *New York Guardian Mortg. Corp. v. Dietzel*, 524 A.2d 951, 952 (Pa. Super. 1987). General denials by mortgagors that they are without information sufficient to form a belief as to the truth of averments as to the principal and interest owing must be considered an admission of those facts. *First Wisconsin Trust Co. v. Strausser*, 653 A.2d 688, 692 (Pa. Super. 1995).

As the mortgagor, Gubrud possessed sufficient knowledge to specifically admit or deny Appellee's allegations in the complaint. *Dietzel*, 524 A.2d at 952. However, our review of the certified record reflects that,

with the exception of two paragraphs, the general denials set forth in Gubrud's answer to Appellee's complaint render admitted each of the averments in Appellee's complaint. Answer, 9/17/10, at ¶¶ 1, 4-8.[2] Thus, Gubrud's denial of the calculation of sums due provided by Appellee is an averment that offers factual situations of which Gubrud had knowledge, and therefore constitutes an admission. Indeed, the sums due to Appellee are easily calculable under the terms of the mortgage, the contents of which were within Gubrud's knowledge and control because Gubrud had the knowledge of, and the means necessary for obtaining the denied information, including the total sums due. Hence, the denials purportedly presented by Gubrud in his answer amounted to admissions of facts and Gubrud's claim lacks merit. Accordingly, we discern no error on the part of the trial court in granting summary judgment in this matter.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/11/2014

---

[2] We note that paragraph 2 of Gubrud's answer addresses the propriety of Gubrud as the defendant in the complaint and paragraph 3 addresses the recording of the mortgage in Northampton County.